### 20210

Wanda Trushelle SILAS, Appellant, v. Eleanor BROWN, Respondent. (224 S. E. (2d) 672)

*Messrs. Stringer and Stringer,* of Charleston, *for Appellant.*

*C. D. Hopkins, Jr., Esq.,* of Charleston, *for Respondent.*

April 21, 1976.

Lewis, Chief Justice:

This appeal is from an order of the lower court setting aside an adoption decree.

It appears that Dan Silas and Earline Stewart Silas became the adoptive parents of the minor appellant (Wanda Trushelle Silas) under a decree of the court, dated January 30, 1968, to which respondent, the minor's natural mother consented.

After the death of the adoptive parents in November 1974, Edward and Letha Davis, collateral kin of the Silases, assumed custody of the minor. Thereafter, on January 10, 1975, respondent instituted an action for custody of the child, resulting in a decree awarding custody to Edward and Letha Davis. This decree was dated March 4, 1975. While the court recited the family situation of the litigants in that action, it is apparent that respondent's petition for cusody was denied primarily on the basis that the prior adoption decree had the effect of completely terminating her parental rights to the child and that it would be for the best interest of the child to remain with Edward and Letha Davis who assumed custody after the death of the adoptive parents.

After her unsuccessful action to gain custody of the minor, respondent (the natural mother) brought the present action in March 1975 to set aside the 1968 adoption decree on the ground that her consent thereto had been obtained through fraud. After a hearing, the lower court set aside the adoption decree and restored to respondent all parental rights to her child, the appellant herein. This appeal is by the guardian *ad litem* of the minor from that decree.

The appeal is upon the single exceptiton that the lower court "erred in permitting the introduction of testimony concerning issues previously litigated in the earlier custody dispute, since the doctrine of *res judicata* or estoppel should have been prevented such introduction."

This exception is too general to be considered.

In addition to the general terms of the exception, the appeal record contains none of the testimony or trial proceedings from which the court might definitely determine what the issues were that had been "previously litigated in the earlier custody dispute" and what testimony relating to those issues had been introduced in the present action.

Since the exception is too general to be considered, the appeal must be dismissed for failure to comply with Rule 4, Section 6, of the Rules of this Court.

Irrespective however, if what we glean from the record is correct there is no merit in the appeal. From the pleadings, orders, and briefs of counsel we gather that, in the custody action, testimony was introduced as to the lack of visitation of respondent with the child during the years subsequent to the adoption, which formed the basis for a conclusion by the court that respondent had visited with the child on very few occasions; while, in the present action, testimony was admitted showing that respondent had frequently visited the child, upon which the court made a finding that respondent saw her child with regularity. Appellant contends that the statement by the court in the prior custody action, that the respondent visited with the child infrequently, precludes testimony in this action concerning frequency of visitation.

The prior action bewteen the parties involved solely the custody of the child, while the present action seeks to set aside the adoption decree on the ground of fraud. It is apparent that the finding by the court in the custody action as to infrequent visitation was not the basis of the decision, but rather the custody issue was disposed of primarily on

the basis of the termination of respondent's parental rights by the prior adoption decree.

Since the frequency of visitation was not the basis of the denial of relief in the custody action, the statements of the court thereabout could not preclude the consideration of such issue in the present action where it was clearly material and relevant. *Lowe v. Clayton,* 264 S. C. 75, 212 S. E. (2d) 582.

Appeal dismissed.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.