20659

James Mack HEGLER, d/b/a Hegler's Motor Mart, Appellant, v.
GULF INSURANCE COMPANY, Respondent.

(243 S. E. (2d) 443)

*Robert K. Folks* and *Thomas W. Thomas, of Thomas,
Rushing, Goldsmith & Folks,* Lancaster, *for appellant.*

*Alva M. Lumpkin* of *Lumpkin & Bowman,* Columbia,
*for respondent.*

April 11, 1978.

LEWIS, Chief Justice:

The question at issue in this appeal is whether an insured
is entitled to recover attorney's fees incurred by him in the
successful defense of a declaratory judgment action brought
by the insurer in an effort to relieve itself of coverage under
an automobile liability insurance policy.

Appellant, Hegler, was insured under a general automo-
bile liability insurance policy issued to him by respondent,
Gulf Insurance Company, under which respondent obligated

to defend appellant against any suit seeking damages on account of bodily injury or property damage. While the policy was in force, the vehicle of appellant struck a tree resulting in injuries to a passenger, for which an action was filed against appellant. Subsequently, respondent notified appellant that defense of the action for damages had been undertaken with a reservation of rights under the policy of insurance.

After taking the necessary steps to defend appellant in the suit for damages, respondent notified appellant that it would bring a declaratory judgment action to determine liability under the policy of insurance and advised him to obtain his own attorney to represent him in the forthcoming action. Appellant accordingly retained independent counsel to represent him; and that action was ultimately decided in appellant's favor, upon a finding that coverage existed under the policy. Thereafter, respondent settled the action for damages, which was dismissed with prejudice.

After respondent refused appellant's demands for payment of his attorney's fees incurred in successfully defending the declaratory judgment action, appellant began this action against respondent to recover such fees. The lower court denied recovery and this appeal followed.

As a general rule, attorney's fees are not recoverable unless authorized by contract or statute. No right to recover is here asserted under any statute. Appellant then must recover, if at all, upon some contractual right.

The lower court was in error. Counsel fees should have been allowed for the defense of the declaratory action brought by respondent to avoid coverage under the policy. The applicable policy provisions require the respondent (1) to pay on behalf of appellant all sums which appellant shall become legally obligated to pay as damages because of bodily injury or property damage, and (2) "to defend any suit against the insured (appellant) seeking dam-

ages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent."

While respondent agreed, under a reservation of rights, to defend the action for damages brought against appellant, it simultaneously brought the declaratory judgment action seeking a determination that it was not liable under the policy or obligated to defend. Appellant was, therefore, forced to employ counsel to defend against respondent's denial of any obligation to continue the defense of the damage action.

The declaratory judgment action established respondent's obligation under the policy to defend the action for damages. If respondent had refused initially to defend, it would undoubtedly have been liable for the payment of counsel fees incurred by appellant in the defense of the damage action. Instead, however, of refusing initially, respondent began the defense and then sought, through the declaratory judgment action, to avoid any obligation to continue to defend. In continue to defend. In order to obtain respondent's continued defense of the action for damages, it was necessary for appellant to employ counsel to resist the contention by respondent of lack of coverage. There is no material difference in the legal effect between an outright refusal to defend and in undertaking the defense under a reservation of rights until a declaratory judgment is prosecuted to resolve the question of coverage. In either event, an insured must employ counsel to defend—in the first instance in the damage action and in the second in the declaratory judgment action to force the insurer to provide the defense. In both, the counsel fees are incurred because of the insurer's disclaimer of any obligation to defend.

The action of respondent amounted to a wrongful breach of its contractual obligation to defend. The legal fees incurred by appellant, in successfully asserting his rights against respondent's attempt in the declaratory judgment action to avoid its obligation to defend, were damages aris-

ing directly as a result of the breach of the contract. *Cohen v. American Home Assurance Company,* 255 Md. 334, 258 A. (2d) 225.

There appears to be a split of authority on the question of the liability of an insurer for counsel fees incurred by the insured in defense of a declaratory judgment action brought to avoid liability to defend the insured in a third party damage suit. These decisions are cited in 7A Appleman, Insurance Law and Practice, Section 4691, p. 512. In commenting upon qualifications placed by some courts on the right to recover counsel fees in such cases, Appleman soundly comments in Section 4691:

But, despite the qualifications placed upon this rule by the court, it still appears to be unfair to the insured. After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses in such action, compel him to bear the expense of such litigation, the insured is actually no better off financially than if he had never had the contract right mentioned above. Other courts have refused to impose such a burden upon the insured.

Appellant is entitled to recover the counsel fees sought in the complaint, the reasonableness of which is not in issue.

The judgment is accordingly reversed and the cause remanded for entry of judgment in favor of appellant.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.