## 21154

Harvey W. MORRIS, J. Vinson Ellenburg, Kenneth D. Benson, Leon O. Stewart, Bishop Joseph A. Synan, William R. Berry, Jessee D. Simmons and Charles R. Wellons as Trustees of Holmes Theological Seminary, Inc., Plaintiffs-Respondents, v. Paul F. BEACHAM, Jr. and Daniel R. McLeod, Attorney General, State of South Carolina, Defendants, of whom Daniel R. McLeod, is also a Respondent, and Paul F. Beacham, Jr. is Appellant.

(262 S. E. (2d) 921)

*William B. Price,* Greenville, *for appellant.*

*James M. Allison,* Greenville, *for plaintiffs-respondents.*

*Asst. Atty. Gen. C. Havird Jones, Jr.,* Columbia, *for defendant-respondent.*

February 19, 1980.

Ness, Justice:

This appeal is from an order enjoining appellant Paul F. Beacham, Jr., from holding himself out as president of Holmes Theological Seminary, Inc., and ordering him to present certain property to respondents, the Seminary's trustees. We affirm.

The Seminary's founder, Rev. N. J. Holmes, appointed appellant's father, Paul F. Beacham, Sr., to succeed him as the institution's president. The senior Beacham in turn ap-

pointed appellant his successor. Respondents refused to recognize this appointment. When appellant continued to hold himself out as president, respondents sought to have him enjoined. Appellant answered claiming respondents were bound to honor his appointment under the terms of charitable trusts of which they were trustees.

The case was referred to a master who concluded the alleged trust instruments conveyed fee simple interests unencumbered by any trust. The lower court confirmed the master's findings and granted respondents the relief they requested.

Appellant's exceptions violate Supreme Court Rule 4, § 6. Each exception contains numerous specifications of error, are long and argumentative in form, in essence requiring this Court to search the record. For this reason alone, the appeal should be dismissed. *Silas v. Brown,* 266 S. C. 505, 224 S. E. (2d) 672 (1976); *Williams v. Regula,* 266 S. C. 228, 222 S. E. (2d) 7 (1976). We nevertheless consider the appeal on its merits.

Appellant first excepts to the master's refusal to be bound by a stipulation the instruments in question created enforceable charitable trusts. The creation of a trust depends upon the legal effect of the language used in the instrument. *Chiles v. Chiles,* 270 S. C. 379, 242 S. E. (2d) 426 (1978). Like the construction of a contract, it is an improper subject for stipulation and any attempted stipulation is not binding on a court. See *Marden v. International Association of Machinists & Aerospace Workers,* 576 F. (2d) 576 (5th Cir. 1978); 83 C. J. S. Stipulations § 10(e) (1953).

Appellant argues the master and trial court erred in concluding no enforceable trusts had been created. We agree.

The *habendum* clause of a deed from N. J. and Lucy S. Holmes to the Seminary's then trustees directed those trus-

tees and their successors "as Trustees . . . to hold [the property] in trust for the use and benefit of the [Seminary] . . ." and to manage and control the property "for the carrying out of the said trust, and uses, subject to the limitations in the [Seminary's constitution]." The residuary clauses of the Holmes' wills also left certain property "to be held in trust and managed by the said trustees, . . . for the use and benefit of the [Seminary], subject to its by-laws . . ."

The master and trial judge concluded the language in the deed directing the trustees to manage and control the property for the Seminary's benefit was merely precatory and created no enforceable trusts. This was error. The *habendum* clause clearly evidenced an intent to create a trust and imposed enforceable duties on the designated trustees. *See* 19 S. C. Digest, Wills, Key No. 675 (West 1952). Moreover, each of these instruments identified the trust property, purposes, beneficiary and trustees with specificity, more than fulfilling the requisites for the creation of a trust. *Johnson v. Thornton,* 264 S. C. 252, 214 S. E. (2d) 124 (1975). We hold the lower court erred in finding no enforceable trust was created, but hold appellant is not prejudiced by this ruling.

Article VI of the Seminary's constitution gave N. J. and Lucy S. Holmes and their immediate successors the power to appoint their own successors "with the approval of the trustees." The power of approval implies the reciprocal power of disapproval. *Powers et al. v. Isley et al.,* 66 Ariz. 94, 183 P. (2d) 880 (1947); *State v. Tilley,* 137 Neb. 173, 288 N. W. 521 (1939). We hold respondents' disapproval of appellant's appointment effectively barred appellant from any legitimate claim to the institution's presidency.

Appellant also asserts respondents were barred by laches and estopped from seeking to modify the terms or deny the validity of the trust instruments. This is without merit. Both the master and the trial court found respondents had done nothing to deny them the relief requested. These find-

ings are clearly supported in the record and will not be disturbed on appeal. *Wilson v. Wilson,* 270 S. C. 216, 241 S. E. (2d) 566 (1978); *Jones v. Jones,* 270 S. C. 143, 241 S. E. (2d) 417 (1978).

Appellant's remaining exceptions are moot or without merit and are dismissed pursuant to Supreme Court Rule 23. Except as modified herein, the order appealed from is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.