### 21188

**GORDON-GALLUP REALTORS, INC., Respondent, v. The CINCINNATI INSURANCE COMPANY, Appellant.**

(265 S. E. (2d) 38)

*Edward E. Poliakoff,* of *Nelson, Mullins, Grier & Scarborough,* Columbia, *for appellant.*

*John T. Moore,* of *Robinson, McFadden, Moore & Pope,* Columbia, *for respondent.*

April 8, 1980.

NESS, Justice:

Respondent Gordon-Gallup Realtors, Inc., brought this declaratory judgment action after its errors and omissions insurer, appellant Cincinnati Insurance Company, denied coverage and refused to defend a suit brought by R. L. and Linda E. Woolam. Appellant appeals from an order declaring it had a duty to defend and finding respondent entitled to reasonable attorney's fees for the prosecution of this action.

We affirm.

A real estate agent's errors and omissions policy purchased from appellant insured respondent against damages "caused by any negligent act, error or omission of the in-

sured or any other person for whose acts the insured is legally liable in the conduct of their business as real estate agents," but specifically excluded coverage for "any dishonest, fraudulent, criminal or malicious act, libel or slander." Under the policy, appellant was obliged to defend respondent against any suit resulting from acts or omissions within its coverage.

In April, 1977, the Woolams brought suit against respondent alleging one of its agents had misrepresented certain facts during the sale of a house. Respondent forwardel the complaint, but appellant denied coverage and refused to defend the suit. Respondent then commenced this declaratory judgment action. The case was referred to a master who held for respondent. The trial court concurred in the master's findings and ordered appellant to pay respondent reasonable attorney's fees for the action.

Appellant first asserts the trial court erred in concluding it had a duty to defend the Woolams' suit. We disagree.

An insurer's duty to defend is determined by the factual allegations of the complaint. *Boggs v. Aetna Cas. & Sur. Co.,* 272 S. C. 460, 252 S. E. (2d) 565 (1979); Annot., 50 A. L. R. 2d 458, 465 (1956). The insurer is under a duty to defend if the complaint alleges a state of facts within the policy's coverage. *Allstate Ins. Co. v. Wilson,* 259 S. C. 586, 193 S. E. (2d) 527 (1972); *Hartford Acc. & Indem. Co. v. S. C. Ins. Co.,* 252 S. C. 428, 166 S. E. (2d) 762 (1969).

While the complaint is couched in terms of fraud, both the master and the trial court held it failed to allege the agent's misrepresentations were made with knowledge of their falsity or with reckless disregard for their truth or falsity. This finding is supported by the record and will not be disturbed on appeal. *Morris v. Beachman,* S. C., 262 S. E. (2d) 921; *Townes Assoc., Ltd. v. City of Greenville,* 266 S. C. 81, 221 S. E. (2d) 773 (1976).

Knowing a reckless falsity is an essential element of fraud. *Moorhead v. First Piedmont Bank & Trust Co.*, S. C., 256 S. E. (2d) 414 (1979); *O'Shields v. Southern Fountain Mobile Homes, Inc.*, 262 S. C. 276, 204 S. E. (2d) 50 (1974). It is the absence of this element which distinguishes fraud from mere negligent misrepresentations,[1] and has been recognized as a sufficient basis for the recovery of actual damages. See *Lawlor v. Scheper*, 232 S. C. 94, 101 S. E. (2d) 269 (1957) R;estatement 2d of Torts § 552 (1977). Since the policy expressly covers negligence and the facts alleged in the complaint create a reasonable possibility of recovery under that theory, we hold the trial court did not err in concluding appellant had a duty to defend. *Mut. Ins. Co. v. Hendrix*, 199 F. 2d 53 (4th Cir. 1952).

Appellant next asserts the master erred in allowing respondent's manager to testify as to appellant's agent's representations at the time the policy was purchased. While the testimony may have been inadmissible under the parol evidence rule,[2] there is no evidence the master or the trial court accorded it any weight in reaching their conclusions. We conclude the error, if any, was harmless. *Adams v. Marchbanks*, 253 S. C. 280, 170 S. E. (2d) 214 (1969).

Appellant finally asserts the trial court erred in awarding respondent reasonable attorney's fees for the prosecution of this action. We disagree.

In *Hegler v. Gulf Ins. Co.*, 270 S. C. 548, 550, 243 S. E. (2d) 443, 444 (1978), we recognized "[t]here is no material difference in the legal effect between an outright refusal to defend and in undertaking the defense under a reservation of rights until a declaratory judgment is prosecuted to

---

[1] See *Brown v. Underwriters*, 53 Wash. (2d) 142, 332 P. (2d) 228 (1958); 37 Am. Jur. (2d), Fraud & Deceit; § 209, pp. 276-279.
[2] See *Muckelvaney v. Liberty Life Ins. Co.*, 261 S. C. 63, 198 S. E. (2d) 278 (1973).

resolve the question of coverage." Respondent was forced to prosecute this action to enforce its rights under the policy with appellant just as the insured in *Hegler* was forced to defend an action to enforce his rights under the policy with his insurer.

The trial court held appellant unreasonably refused to defend the Woolam suit. We agree and uphold the award of attorney's fees.

The trial court's order is affirmed and the case remanded for a determination of reasonable attorney's fees.

Affirmed and remanded.

LEWIS, C. J., LITTLEJOHN and GREGORY, JJ., and JOSEPH R. Moss, Acting Associate Judge, concur.