1544

Johnson PREVATTE, Appellant v. ASBURY ARMS, Respondent.

(396 S.E. (2d) 642)

Court of Appeals

*Philip M. Creel,* Lexington, *for appellant.*

*C. Ansel Gantt, Jr.,* Columbia, *for respondent.*

Heard May 9, 1990.

Decided Sept. 17, 1990.

BELL, Judge:

This is a statutory action by a residential tenant, Johnson Prevatte, against his former landlord, Asbury Arms Apartments, for return of a security deposit.[1] Asbury Arms responded by claiming Prevatte owed $26.00 for unpaid rent, and $58.81 for cleaning and replacement of damaged draperies. The case was tried in magistrate's court by a jury. The jury awarded Asbury $26.00 for unpaid rent and $12.00 for cleaning expenses. It denied Asbury's claim for damage to the draperies, finding that Prevatte was entitled to have the $42.00 balance of his deposit returned. Pursuant to Code Section 27-40-410(b), the magistrate trebled the damage award to $126.00 and entered judgment for $167.00, representing damages and court costs. The magistrate refused to award Prevatte attorney's fees. Asbury satisfied the $167.00 judgment. Prevatte appealed the refusal to award attorney's fees to the circuit court, which affirmed the magistrate. Prevatte now appeals the judgment of the circuit court. We reverse and remand.

The facts of the case are undisputed. Asbury Arms is a federally subsidized housing project for elderly and disabled persons. At the beginning of his tenancy, Prevatte paid an $80.00 security deposit. Disputes arose between Asbury and Prevatte, which resulted in Prevatte's eviction from his apartment. About six weeks after his eviction, Prevatte made a written demand for return of his security deposit. Thirty days later, Asbury responded in writing, stating it would not refund the deposit because of unpaid rent, cleaning charges, and damages to draperies, totalling $84.81. This suit followed. Prevatte demanded a jury trial.

The sole question for our decision is: Does a judge have discretion to deny attorney's fees to a prevailing tenant under

---

[1] The statute in question is Section 18 of the South Carolina Residential Landlord and Tenant Act, Act No. 336, Acts and Joint Resolutions of the General Assembly of South Carolina, 1986, 64 STAT. 2442, codified as Section 27-40-410, Code of laws of South Carolina, 1976, as amended. It regulates practices concerning prepaid security deposits.

Section 27-42-410(b)? In other words, this appeal concerns an issue of statutory construction.

We hold that the statute entitles the prevailing tenant to attorney's fees as a matter of right; but the statute also gives the judge broad discretion to determine the amount of the fees, depending on the facts and equities of each case.

## I.

Under the common law of South Carolina, a prevailing party has no right to recover attorney's fees. *Duke Power Co. v. South Carolina Public Service Commission*, 284 S.C. 81, 326 S.E. (2d) 395 (1985). In the absence of a common law right, the plaintiff must plead either a contract or a statute to receive enhanced damages or attorney's fees. *Hegler v. Gulf Insurance Co.*, 270 S.C. 548, 243 S.E. (2d) 443 (1978).

The Landlord and Tenant Act modifies the common law rule. The statute states, in pertinent part:

> If the landlord fails to return any prepaid rent required to be paid to the tenant under this Chapter, the tenant *may recover* the property and money in an amount equal to three times the amount wrongfully withheld and *reasonable attorney's fees*. [Emphasis added.]

Section 27-40-410(b).

Asbury Arms does not contest Prevatte's right to treble damages under this section. Instead, it argues that the statute, by using the word "may," gives the trial judge discretion to deny attorney's fees to a prevailing tenant. The argument ignores the plain wording of the statute. The word "may" does not refer to the judge, but to the tenant. It gives the tenant a right he does not have at common law: the tenant may elect to seek recovery under the statute rather than the common law. To the extent that the word "may" connotes discretion, it is a discretion vested in the tenant to elect his remedies, not in the court to deny a remedy clearly provided by the statute. The judge erred when he stated: "Under 27-40-410(b) it says *the court may* award attorney fees." [Emphasis added.] This is not what the statute says.

There are other attorney's fees statutes in South Carolina with language similar if not identical to that found in Section

27-40-410(b).[2] The appellate courts of this state have never construed this language as giving the trial judge discretion to award or deny attorney's fees.[3] Moreover, decisions in other jurisdictions interpreting this section of the Uniform Residential Landlord Tenant Act support our interpretation of the South Carolina statute.[4] Since these decisions construe a uniform provision of the Act, they are authoritative in construing the South Carolina statute. *See Old Kent Bank—Southeast v. City of Detroit*, 178 Mich. App. 416, 444 N.W. (2d) 162 (1989). We expressly approve the following statement of the law in *Beckett v. Olson*, 75 Or. App. 610, 613, 707 P. (2d) 635, 636 (1985):

> The statute is unambiguous and absolute. The use of "the tenant may recover" rather than "the tenant shall recover" does not give the court any discretion. Rather it is a statement of the steps the tenant, as a matter of right, may take if the landlord does not comply with the statute.

## II.

Although the statute gives a prevailing tenant attorney's fees, as of right, it also mandates that the fees be "reasonable." What constitutes a reasonable fee is a matter for the court to determine as a matter of informed judicial discretion. In deciding the amount of the fee, the court should take into consideration the facts and equities of the particular case. Its discretion should be guided by the following factors, among others:

(1) the nature, extent, and difficulty of the services rendered;

(2) the time and labor necessarily devoted to the case;

---

[2] *See, e.g.*, Sections 27-40-610, -640, -710, -770, -780; 58-27-90, Code of Laws of South Carolina, 1976, as amended.

[3] *See Watson v. Sellers*, 299 S.C. 426, 436, 385 S.E. (2d) 369, 374 (Ct. App. 1989) (court discussing General Assembly's intent to create cause of action in favor of tenants whose landlords fail to keep premises in good repair unqualifiedly construed section 27-40-610 to provide that a tenant may recover reasonable attorney's fees).

[4] *E.g., Smith v. Padgett*, 32 Ohio St. (3d) 344, 513 N.E. (2d) 737 (1987); *Love v. Monarch Apartments*, 13 Kan. App. (2d) 341, 771 P. (2d) 79 (1989).

(3) the professional standing of counsel;

(4) the contingency of compensation;

(5) the fee customarily charged in the locality for similar services; and

(6) the beneficial results accomplished.

*Johnson v. Johnson,* 296 S.C. 289, 372 S.E. (2d) 107 (Ct. App. 1988), *cert. denied,* 298 S.C. 117, 378 S.E. (2d) 445 (1989); *cf.* South Carolina Rules of Professional Conduct, Rule 1.5(a), S.C. Sup. Ct. R. 32 (1990). If a party is not the primary prevailing party or prevails only partially, the factor of beneficial results accomplished will weigh in favor of reducing the fee, since the time and labor devoted to the issues he lost should not, in equity, be charged against the opposing party who prevailed on those issues. In cases of this type, only in rare instances should the fee approach or exceed the verdict amount. *Cf., Baron Data Systems, Inc. v. Loter,* 297 S.C. 382, 377 S.E. (2d) 296 (1989) (no fixed relation between amount of verdict and amount of fees; in certain circumstances fee may exceed amount of verdict).

In this case, the judge appears to have been influenced by several considerations in denying attorney's fees.

First, Prevatte defaulted on his last month's rent, giving Asbury Arms a lawful basis for withholding at least part of the security deposit. Second, Asbury's claim for additional items was made in good faith and in strict compliance with the procedures mandated by the statute when a landlord retains the deposit. Third, the case was contested in good faith by the parties; i.e., neither side raised frivolous claims. Fourth, proof was simple because virtually all of the material facts were undisputed. This meant trial preparation by the attorneys did not require unusual skill, effort, or investment of time. Fifth, Asbury prevailed at trial on two out of the three disputed items. Thus, it prevailed on more issues than Prevatte. Sixth, the result obtained by Prevatte's attorney was quite modest. Seventh, the important issue in the case was a question of law for the court, not a jury issue. For this reason, the judge seems to have regarded Prevatte's demand for a jury trial, rather than a bench trial, as unwarranted.

With the exception of the demand for a jury trial,[5] we consider all of these factors appropriate to consider in setting a "reasonable" fee. The fee award is made to the party, not to his lawyer. *Reid v. Reid*, 280 S.C. 367, 312 S.E. (2d) 724 (Ct. App. 1984). It bears no hard and fast relationship to the customary fee lawyers might bill a paying client in similar cases. A "reasonable fee" may well be less than the "going rate" on the facts of a particular case. *Cf. Potomac Leasing Co. v. Bone*, 294 S.C. 494, 366 S.E. (2d) 26 (Ct. App. 1988) (Court awarded fee less than half the amount of attorneys billable hours; measure of proper attorney's fees in not always the time spent); *Freeman v. A&M Mobile Home Sales, Inc.*, 293 S.C. 255, 359 S.E. (2d) 532 (Ct. App. 1987).

In view of our holding, we find it unnecessary to address each of Asbury's remaining counter arguments, which we find to be manifestly without merit. *See*, Section 14-8-250, Code of Laws of South Carolina, 1976, as amended.

We reverse the judgment of the circuit court and remand to the magistrate's court for the award of a reasonable attorney's fee to Prevatte. The court, in exercising its discretion, should be guided by the factors we have outlined.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.

------------

[5]To reduce the fee because Prevatte demanded a jury trial would, in effect, penalize him for exercising a constitutional right.