1603

JoAnne BENNETT, Appellant v. Nick P. LAMBROUKOS, d/b/a Piedmont Steak House, Respondent.

(401 S.E. (2d) 428)

Court of Appeals

*Sheila R. Young,* of *Perrin, Perrin, Mann & Patterson,* Spartanburg, *for appellant.*

*Robert A. Hammett,* of *Burts, Turner, Hammett, Harrison, Rhodes & Thompson,* Spartanburg, and *Sally G. Calhoun,* Greenville, *for respondent.*

Heard Dec. 11, 1990.

Decided Feb. 4, 1991.

CURETON, Judge:

This is an action to recover unpaid wages under *S.C. Code Ann.* Section 41-10-80(C) (Supp. 1990). JoAnne Bennett was employed by Nick Lambroukos as a dishwasher at his restaurant. She worked at the restaurant for one week. Bennett claimed she was hired at a wage of $3.35 per hour. Lambroukos claimed Bennett signed a contract for a weekly wage of $90 with deductions for breakage. At the end of the first

pay period Lambroukos tendered Bennett wages of $45 representing the alleged contractual weekly wage less deductions for breakage. Bennett refused to accept the money and did not return to work. This suit was instituted.

The magistrate found Bennett was entitled to wages of $184.25 representing fifty-five work hours at a rate of $3.35 per hour. This amount was trebled under *S.C. Code Ann.* Section 41-10-80 (Supp. 1990) and attorney fees of $250 were awarded. Lambroukos appealed to the circuit court. The circuit court judge found Bennett was entitled to wages of $184.25 but deducted $40.91 for breakage. He reversed the magistrate's award of treble damages and attorney fees holding the statute was inapplicable as a matter of law. Bennett has appealed the decision of the circuit court. We reverse the decision of the circuit court and affirm the decision of the magistrate.

Bennett's suit was filed under *S.C. Code Ann.* Section 41-10-80(C) (Supp. 1990). She claimed Lambroukos failed to pay her wages in violation of Section 41-10-40 because Lambroukos did not pay her the wages she was entitled to on payday and he deducted breakage from her pay without written notification to her as required in Section 41-10-30.

The circuit court held the statute was not applicable because the employer was not subject to the minimum wage law. This is an error of law. Sections 41-10-10 through 41-10-110 are not restricted to employers subject to federal minimum wage law. Section 41-10-20 states the chapter is applicable to all employers in South Carolina with two exceptions not relevant to this case. "Employers" is defined in Section 41-10-10 to include every person employing any person in this state. Therefore, the statutory scheme is not limited to employers who are required to pay minimum wage.

The magistrate and the circuit court judge agreed about the gross amount of wages due but disagreed over the allowance of a deduction for breakage. We find the circuit court erred in allowing the deduction. The record indicates Bennett was not notified at the time and place of hiring of a deduction for breakage. *S.C. Code Ann.* Section 41-10-30(A) (Supp. 1990). She disputed receiving any notice until payday when she signed two documents. She testified one document was a tax form and it was placed over the

other document. She also testified she never read the purported contract. Lambroukos testified she signed the written contract which quoted a weekly salary of $90. Both the magistrate and circuit court judge rejected the contention that Bennett was hired for a weekly salary of $90. Because the only evidence of a written notice of deductions is contained in the document which quoted the weekly salary and because both the magistrate and the circuit court found this contract was not the agreement of the parties, it follows there was no evidence to support the circuit court's allowance of deductions for breakage.

The magistrate awarded treble damages and attorney fees under Section 41-10-80(C). The circuit court reversed finding the statute was inapplicable because Lambroukos was not subject to the minimum wage law. We concluded this was error as a matter of law. The magistrate did not err in trebling damages because of the factual findings that Lambroukos violated the statutory provisions. According to his own testimony, he violated Section 41-10-30(A) by failing to give notice of the wage, hours, and deductions in writing at the time of hire. He likewise violated Sections 41-10-40 and 41-10-80. We also conclude the amount of attorney fees awarded by the magistrate was reasonable. *See Prevatte v. Asbury Arms,* ___S.C. ___, 396 S.E. (2d) 642 (Ct. App. 1990). We decline to award additional attorney fees for the appeal to the circuit court as the statute does not provide for them.

Reversed.

SHAW and BELL, JJ., concur.