73 F.3d 358
NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 LIBERTY LIFE INSURANCE COMPANY, Plaintiff-Appellee,
v.
EMPLOYERS REINSURANCE CORPORATION, Defendant-Appellant.
 No. 94-2571.
 United States Court of Appeals, Fourth Circuit.
 Argued Oct. 30, 1995.
Decided Dec. 27, 1995.
 
 ARGUED: Charles R. Norris, NELSON, MULLINS, RILEY & SCARBOROUGH, Charleston, South Carolina, for Appellant. Frank Rogers Ellerbe, III, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellee. ON BRIEF: Kevin K. Bell, ROBINSON, MCFADDEN & MOORE, P.C., Columbia, South Carolina, for Appellee.
 Before ERVIN, Chief Judge, and WIDENER and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Defendant-appellant Employers Reinsurance Corporation challenges an order of the district court granting summary judgment to plaintiff-appellee Liberty Life Insurance Company.
 
 
 2
 Liberty Life is a South Carolina corporation engaged primarily in the business of selling and servicing life and health insurance. Between 1987 and 1993, it maintained a professional liability insurance policy with Employers Reinsurance which provided the following coverage for agents named in the policy:
 
 
 3
 The corporation does hereby agree to pay on behalf of the named insured such loss in excess of the applicable deductible and within the limit of liability specified in the declarations sustained by the insured by reason of liability imposed by law for damages caused by any negligent act, error or omission of the insured or any person for whose acts the insured is legally liable, arising out of the conduct of the business of the insured in rendering services for others as a licensed Life, Accident and Health insurance agent....
 
 
 4
 J.A. at 180. While the policy was in effect, two of Liberty Life's agents, Nelson H. Mishoe (who was a named agent covered by the policy) and Ray M. Belk, Jr. (who was not), sold two life insurance policies on Jimmy Skipper to Sherry Todd, Skipper's ex-wife, allegedly without Skipper's knowledge or consent. Skipper was subsequently killed, and on December 4, 1991, his widow and personal representative, Sue Skipper, brought a wrongful death action against, inter alia, Liberty Life, Mishoe and Belk, alleging that their negligence in selling the policies provided Todd with a motive for murder and was therefore a proximate cause of Skipper's death. Liberty Life tendered the defense of the action to Employers Reinsurance, which denied coverage based on the following exclusion in the policy: "[t]his policy does not apply to: ... bodily injury to, or sickness, disease or death of any person." J.A. at 183 (Exclusion VI(b)). Liberty Life ultimately settled with Sue Skipper for $212,500, and filed this action to recover from Employers Reinsurance the settlement amount, costs of defending the Sue Skipper claim incurred prior to settlement, and attorney fees for the present action.
 
 
 5
 The principal question presented by this case is whether, as Employers Reinsurance maintains, exclusion VI(b) of the professional liability policy excludes coverage for the Sue Skipper wrongful death claim. After recognizing that South Carolina law distinguishes between survival actions, through which recovery is sought by a decedent's representatives for injuries to the decedent himself, see S.C. CODE ANN. Sec. 15-5-90 (Law.Co-op.1976), and wrongful death actions, through which a decedent's beneficiaries seek recovery for their own injuries that result from the death, see S.C. CODE ANN. Secs. 15-51-10 et seq. (Law.Co-op.1976), the district court held that exclusion VI(b) applied only to the former, and that Liberty Life was therefore "entitled to judgment on the policy coverage question as a matter of law."
 
 
 6
 Employers Reinsurance also challenges the district court's holding that it was liable for the entire amount of the settlement and costs incurred by Liberty Life defending the Sue Skipper action, and for attorney fees incurred by Liberty Life prosecuting the present action. At a November 4, 1994 hearing on damages, the district court held that since the Sue Skipper complaint against Liberty Life and Nelson Mishoe, covered parties under the professional liability policy, alleged joint and several liability, Employers Reinsurance was liable for the full amount of the settlement, for the pre-settlement costs incurred in defending against the Sue Skipper claim, and for prejudgment interest. The district court also awarded Liberty Life its attorney fees for the present action, relying on two decisions of the South Carolina Supreme Court, Hegler v. Gulf Insurance, 243 S.E.2d 443 (S.C.1978), and Gordon-Gallup Realtors v. Cincinnati Ins. Co., 265 S.E.2d 38 (S.C.1980), to reject an argument by Employers Reinsurance that S.C. CODE ANN. Sec. 38-59-40 (Law.Co-op.1976) (formerly Sec. 38-9-320), prohibits the award of attorney fees in an insurance coverage action without a finding that the refusal of coverage was without reasonable cause or in bad faith.
 
 
 7
 We have read the briefs, heard oral argument, and given thorough consideration to the contentions of Employers Reinsurance. Finding no error in the opinion of the court below, we affirm on the reasoning of the district court. See Liberty Life Ins. Co. v. Employers Reinsurance Corp., No. CA-93-1643-17 (D.S.C. Sept. 9, 1994), reprinted in J.A. at 80-93; Liberty Life Ins. Co. v. Employers Reinsurance Corp., No. CA-93-1643-17 (D.S.C. Nov. 4, 1994), reprinted in J.A. at 94 (referencing court's holdings during damages hearing, reprinted in J.A. at 616-17, 640-42).
 
 
 8
 AFFIRMED.