490 S.E.2d 257

**FIRST FINANCIAL INSURANCE COMPANY, Appellant,**

**v.**

**SEA ISLAND SPORT FISHING SOCIETY, INC.
and James A. Woods, Respondents.**

No. 24605.

Supreme Court of South Carolina.

Heard April 4, 1996.
Decided June 9, 1997.
Refiled June 9, 1997.

Andrew F. Lindemann, of Ellis, Lawhorne, Davidson, and Sims, P.A., Columbia, for appellant.

James D. Gandy, III, of the Hood Law Firm, Charleston, for respondent Sea Island Sport Fishing Society.

Edward P. Guerard, Jr., Charleston, for respondent James A. Woods.

## ORDER DENYING PETITION FOR REHEARING

First Financial Insurance Company has petitioned for rehearing. We deny this petition and order that the opinion heretofore filed, Op. No. 24605, April 21, 1997, be withdrawn and the attached opinion be substituted. The only amendment to the originally-issued opinion appears in the last paragraph under Ex Parte Communications on the third page of the opinion. The revised portion revises the second sentence, adds a sentence and reads as follows:

Although it is the better practice, there was no specific rule requiring respondent to send a proposed order to opposing counsel prior to July 1, 1994.[1] *See In the Matter of Jennings*, 321 S.C. 440, 468 S.E.2d 869 (1996). The order referred to here was signed by the master on April 24, 1994.

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr. C.J.

/s/ Jean H. Toal A.J.

/s/ James E. Moore A.J.

/s/ John H. Waller, Jr. A.J.

/s/ E.C. Burnett, III A.J.

FINNEY, Chief Justice:

First Financial is seeking a declaration that it does not have a duty to defend and indemnify Sea Island Sport Fishing Society (hereinafter Sea Island) for damages claimed by James A. Woods in the lawsuit captioned *James A. Woods v. Sea Island Sport Fishing Society, Inc.*[1] By consent order of reference, this action was referred to the master-in-equity with direct appeal to the Supreme Court. A non-jury trial was held and the master issued an order dated April 24, 1994, holding that First Financial owed a duty to defend Sea Island in the negligence action. First Financial filed a motion to vacate based on an alleged ex parte communication. The motion was denied. Additionally, First Financial moved to alter or amend the April order. The master amended the order, but did not change the result. First Financial appeals the master's orders.

## Duty to Defend

The complaint in the negligence action sets forth a cause of action against Sea Island arising from a dinner sponsored and served by Sea Island. The lawsuit contains allegations that Sea Island through the acts or omissions of its House Committee was negligent and careless in the preparation and cooking of the chicken served at the dinner which caused Woods to become ill. The master-in-equity held that First Financial has

---

1. July 1, 1994 is the effective date of Rule 5(b)(3), SCRCP.

1. Civil Action No. 92–CP–10–356.

a duty to defend because the allegations in the complaint are covered under the provisions of Sea Island's liability policy.

 Generally, the determination whether a liability insurance company is obligated to defend an action under the policy provisions is based on the allegations of the complaint. *R.A. Earnhardt Textile Machinery Div. v. South Carolina Ins. Co.*, 277 S.C. 88, 282 S.E.2d 856 (1981). If the alleged facts in the complaint fail to bring the case within the policy coverage, the insurer is free of the obligation to defend. *Id.*

The liability policy here provides that First Financial on behalf of Sea Island will pay all sums which the insured becomes legally obligated to pay as damages from bodily injury caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto. Further, the policy provides that the insurer shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury. First Financial has a duty to defend based on the allegations of the complaint. Accordingly, the master did not err in concluding First Financial has a duty to defend.

### Exclusion

 First Financial contends coverage is excluded based on the following policy exclusion:

> In consideration of the premium charged, it is understood and agreed that bodily injury and property damage liability do not apply to claims arising out of occurrences between two or more club members. Members include all active, inactive, auxiliary or national members.

First Financial asserts there is no occurrence as contemplated by the exclusion. The insurance policy defines occurrence as an accident, including continuous or repeated exposure to conditions, which results in bodily injury neither expected nor intended from the standpoint of the insured. The alleged food poisoning is an occurrence under the policy. The question after determining there is an occurrence is whether the claim was caused by an accident between two or more club members. There is evidence to support the master's conclusion that the underlying claim arose out of an

occurrence between a club member and the club, thus the exclusion does not apply. We agree.

### Ex Parte Communications

■ First Financial asserts the master erred in denying its motion to vacate because Woods' counsel admitted having an ex parte communication which First Financial contends prejudiced the master's decision. We disagree.

The law clerk, as directed by the master, contacted the attorneys and requested they submit proposed orders. First Financial's counsel claims he did not know that opposing counsel was also preparing an order. Woods' attorney submitted a proposed order to the master, but did not forward a copy to First Financial's counsel. The master adopted the order prepared by Woods' attorney. First Financial moved to vacate based on improper communication. Following a hearing on this motion, the master declined to vacate the order, but amended the order as requested by First Financial.

First Financial contends it was prejudiced by not having an opportunity to review and comment on the misstatements of law and fact contained in the proposed order before the master made his decision.

The query here is whether the submission of a proposed order without sending a copy to opposing counsel constitutes an ex parte communication. Although it is the better practice, there was no specific rule requiring respondent to send a proposed order to opposing counsel prior to July 1, 1994.[2] See *In the Matter of Jennings,* 321 S.C. 440, 468 S.E.2d 869 (1996). The order referred to here was signed by the master April 24, 1994. The master did not err in finding there was no ex parte communication.[3]

### Attorney's Fees

■ First Financial appeals the master's order awarding attorney's fees to Sea Island based on *Hegler v. Gulf Ins. Co.,*

---

2. July 1, 1994 is the effective date of Rule 5(b)(3), SCRCP.

3. We fail to see how First Financial was prejudiced. The master received proposed orders from all of the parties and his decision was based upon the evidence. Further, the master granted a hearing on the alleged ex parte communication and considered the concerns raised.

270 S.C. 548, 243 S.E.2d 443 (1978)(where insured prevailed in defense of a declaratory judgment action brought by insurer, insured is entitled to recover attorney's fees incurred in defending the action). We decline to overrule *Hegler* and uphold the master's award of attorney's fees. *Gordon–Gallup Realtors v. Cincinnati Ins. Co.*, 274 S.C. 468, 265 S.E.2d 38 (1980)(upholding award of attorney's fees in declaratory judgment action).

For the foregoing reasons the master-in-equity's decision is AFFIRMED.

TOAL, MOORE, WALLER and BURNETT, JJ., concur.