THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
James A. Meetze, Appellant,
v.
Freda Saylors and Toby O. Saylors, Respondents.
 
 
 

Appeal From Charleston County
 B. Hicks Harwell, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-049
Submitted January 1, 2005  Filed January 
 19, 2005

REVERSED IN PART AND REMANDED

 
 
 
Christopher B. Staubes, III, of Charleston, for Appellant.
Freda Saylors and Toby Saylors, pro se Respondents.
 
 
 

PER CURIAM:  James A. Meetze appeals from a circuit court order that 
 granted him summary judgment in his action to enforce restrictive covenants 
 in a residential neighborhood, but denied his request for attorneys fees and 
 costs.  Meetze argues the circuit court erred in denying his request for attorneys 
 fees and costs because the restrictive covenants provide for an award of both 
 to a prevailing party.  We reverse in part and remand. 
 [1] 
FACTS
Meetze filed this action in 2002 against Freda Saylors and Toby Saylors 
 to enforce restrictive covenants in the Pirates Cove subdivision of Mount Pleasant, 
 South Carolina.  Meetze alleged in his complaint that the Saylors were in violation 
 of paragraph fourteen of the covenants, which prohibits parking house trailers, 
 mobile homes, campers, or other habitable vehicles, as well as commercial vehicles, 
 on lots within the subdivision.  
Meetze included in his complaint a request for attorneys fees and costs as 
 provided for by paragraph twenty-two of the covenants, entitled Enforcement 
 of Restrictions.  This paragraph states in relevant part:  

Any owner found by a court of law or equity to be in violation of these covenants 
 and restrictions shall pay a reasonable attorneys fee to the Plaintiff, together 
 with all costs of litigation.  

In 2003, Meetze moved for summary judgment.  The circuit court granted 
 Meetzes motion and ordered the Saylors to remove any prohibited vehicles parked 
 or stored on their lots.  The court noted that Meetze had presented an affidavit 
 of reasonable attorneys fees and costs in the amount of $1,977.50 for fees[] 
 and $161.30 in actual costs for which he requested recovery pursuant to paragraph 
 twenty-two of the restrictive covenants.  The court denied the request, however, 
 and this appeal followed.  
LAW/ANALYSIS
On appeal, Meetze contends the circuit court abused its discretion 
 in denying his request for attorneys fees and costs. [2]   We agree.
Under South Carolina common law, a prevailing party generally has 
 no right to recover attorneys fees unless they are provided for by contract 
 or authorized by statute.  Jackson v. Speed, 326 S.C. 289, 486 S.E.2d 
 750 (1997); Harris-Jenkins v. Nissan Car Mart, Inc., 348 S.C. 171, 557 
 S.E.2d 708 (Ct. App. 2001).
In this case, there is a contractual basis for an award of attorneys 
 fees.  As noted above, paragraph twenty-two of the restrictive covenants expressly 
 provides that any owner found in violation of the covenants by a court shall 
 pay a reasonable attorneys fee to the Plaintiff, together with all costs 
 of litigation.  [Emphasis added.]  
In Prevatte v. Asbury Arms, 302 S.C. 413, 396 S.E.2d 642 (Ct. App. 1990), 
 this Court considered a provision of the Landlord-Tenant Act that stated a tenant 
 may recover reasonable attorneys fees and determined that, to the extent 
 the word may connoted discretion, it referred to the tenants right to elect 
 a statutory remedy and it did not mean the trial judge could deny a remedy clearly 
 provided for by the statute.  Id. at 415, 396 S.E.2d at 643.  We concluded 
 [t]he appellate courts of this state have never construed this language as 
 giving the trial judge discretion to award or deny attorneys fees.  Id. 
 at 416, 396 S.E.2d at 644.  Rather, although a fee is recoverable as a matter 
 of right, the amount must be reasonable, and [w]hat constitutes a reasonable 
 fee is a matter for the court to determine as a matter of informed judicial 
 discretion.  Id.  We observed that, in exercising his or her discretion 
 in deciding the amount of a reasonable fee, the trial judge should be guided 
 by the following factors:  

 
 
 
 
 (1)  
 the nature, extent, and difficulty of the services rendered;
 
 
 (2) 
 the time and labor necessarily devoted to the
 case;
 
 
 (3)
 the professional standing of counsel;
 
 
 (4)
 the contingency of compensation;
 
 
 (5) 
 the fee customarily charged in the locality for similar services; and
 
 
 (6) 
 the beneficial results accomplished. 
 
 
 
 

Id. at 416-17, 396 S.E.2d at 644.
Although Prevatte dealt with a statutory, rather than a contractual, 
 provision for attorneys fees, we find it is sufficiently analogous so that 
 its reasoning is applicable in the current appeal.  Here, the restrictive covenants 
 expressly provide that reasonable attorneys fees and costs shall be recoverable 
 by a prevailing party in the event a court finds a homeowner in violation of 
 the covenants.  
During the hearing in this matter, when Meetzes attorney presented his affidavit 
 for attorneys fees, the court stated:  Even if I rule in your favor, I -- 
 you can send it up here but Im not going to do it, I am not even going to 
 consider your attorneys fees even if I rule with you.  I think both sides 
 have got a legitimate gripe, problem.  [Emphasis added.]  The court thereafter 
 encouraged the parties to attempt to negotiate a resolution.  When that effort 
 failed, the court granted summary judgment to Meetze.  The circuit court summarily 
 denied the request for fees and costs in its final order.  
We hold the circuit court erred in denying attorneys fees and costs to Meetze 
 after finding the Saylors were in violation of the covenants and granting summary 
 judgment to Meetze on this basis.  Since the covenants contractually provide 
 a prevailing party with the right to recover attorneys fees and costs, the 
 court should have determined what constitutes a reasonable fee in light of the 
 six guidelines listed above.  Accordingly, we reverse the circuit courts order 
 to the extent it denied Meetzes request for attorneys fees and costs and remand 
 the matter to the circuit court for determination of an appropriate award using 
 the factors outlined above.
REVERSED IN PART AND REMANDED.
HEARN, C.J., and GOOLSBY and WILLIAMS, JJ., concur.

 
 
 [1]   We decide this case without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   The Saylors have not filed a Respondents Brief.  The South Carolina 
 Appellate Court Rules provide that [u]pon the failure of respondent to timely 
 file a brief, the appellate court may take such action as it deems proper.  
 Rule 208(a)(4), SCACR.  Such action may include reversal.  Turner v. Santee 
 Cement Carriers, Inc., 277 S.C. 91, 282 S.E.2d 858 (1981).