**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Century Capital Group, LLC, Appellant,

v.

Midtown Development Group, LLC; Richland Joint Venture Group, LLC; Windsor Richland Mall, LP; and BRC Richland, LLC, Defendants,

Of which Windsor Richland Mall, LP, is the Respondent.

Appellate Case No. 2022-001727

———————

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

———————

Unpublished Opinion No. 2025-UP-378
Submitted September 2, 2025 – Filed November 19, 2025

———————

**REVERSED**

———————

Donald Ryan McCabe, Jr., of McCabe, Trotter & Beverly, P.C., of Columbia, for Appellant.

John Gwilym Tamasitis, of Williams Mullen, of Columbia, for Respondent.

———————

**PER CURIAM:** This appeal addresses whether Respondent Windsor Richland Mall, LP (Windsor) has a viable claim for attorney's fees. The case began when Appellant Century Capital Group (Century) sued Windsor, claiming Windsor was liable to contribute to a settlement from a different lawsuit against Century. Windsor had been a party to a property management agreement that was relevant to the other suit. Century argued Windsor's actions led to Century being sued.

Windsor won summary judgment. Century appealed. Years later, and long after the summary judgment was upheld by both appellate courts, Windsor sought attorney's fees and costs as the prevailing party, citing the property management agreement. The circuit court granted the request. We agree with Century that the attorney's fees award was inappropriate because Windsor did not plead a claim for fees in its answer. Although the answer did include a brief request for costs, we find Windsor's motion for this relief was untimely. Thus, we reverse the award in its entirety.

## NO CLAIM FOR FEES PLED

There is no common law right to attorney's fees in South Carolina; therefore, a party "must plead either a contract or a statute to receive . . . attorney's fees." *Prevatte v. Asbury Arms*, 302 S.C. 413, 415, 396 S.E.2d 642, 643 (Ct. App. 1990). This court has held a general plea for attorney's fees (one that is not pled specifically as being based on a statute or contract) is enough to permit a party to later claim fees. *See S.C. Elec. & Gas Co. v. Hartough*, 375 S.C. 541, 551, 654 S.E.2d 87, 92 (Ct. App. 2007) (declining to rule on the issue of whether specifically pleading the basis for contractual attorney's fees was necessary due to preservation issues but finding, regardless, that the general plea for attorney's fees was enough considering the pertinent action was under and regarding the contract, which provided for fees to the prevailing party).

But whether the claim is stated in general terms or with specificity, the point remains that before a party can pursue a claim for fees, the request must first be pled. *See Gainey v. Gainey*, 279 S.C. 68, 70, 301 S.E.2d 763, 764 (1983) ("Normally, a party may not receive relief which was not requested in the pleadings."); *Prevatte*, 302 S.C. at 415, 396 S.E.2d at 643 (requiring parties to "plead either a contract or a statute to receive . . . attorney's fees"); *Parker Peanut Co. v. Felder*, 207 S.C. 63, 68, 34 S.E.2d 488, 490 (1945) ("[I]ncidental or auxiliary relief granted must be within the limits of the issues made by the pleadings . . . ."); *see also Bass v. Bass*, 272 S.C. 177, 180, 249 S.E.2d 905, 906 (1978) ("While it is true that pleadings in the family court must be liberally construed, this rule cannot be stretched so as to permit the judge to award relief not contemplated by the pleadings. *Due process requires that*

*a litigant be placed on notice of the issues which the court is to consider*." (emphasis added) (footnote omitted)).

There was no mention of attorney's fees in Windsor's responsive pleadings or anywhere else during the case's pre-summary judgment life at the circuit court. The first time Windsor mentioned fees was in its motion for fees that was filed five years after the circuit court granted summary judgment and eleven months after our supreme court issued the remittitur upholding summary judgment. Because Windsor did not plead a claim for fees, we reverse the award.

## JURISDICTION/TIMING OF MOTION

Our decision to reverse because Windsor did not plead a claim for fees is dispositive of that issue; thus, we need not address Century's jurisdiction and timeliness arguments as they relate to fees. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal). As mentioned before, however, Windsor's answer included a request for costs. This does not alter the reasoning discussed above—a passing request for costs does not satisfy the requirement that a party must plead a claim for attorney's fees to seek those fees. We address the jurisdiction and timeliness arguments below because we agree with Century that these arguments require reversing the cost component of the circuit court's award.

Century argues the circuit court lost jurisdiction to consider and award fees and costs after the ten-day posttrial motions deadline expired immediately after the circuit court entered summary judgment. There is no doubt that posttrial motions made under Rule 59(e), SCRCP, are for the purpose of asking the court to reconsider, alter, or amend its decision, and are subject to a ten-day postjudgment deadline. *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 21–22, 602 S.E.2d 772, 778–79 (2004). It certainly seems this ten-day deadline would apply to a request for fees and costs if that request was part of the claim decided on summary judgment.

The same deadline applies to other requests for fees and costs. For example, fees and costs that are requested as sanctions may be subject to the ten-day, posttrial motions deadline. *See, e.g.*, *Rutland v. Holler, Dennis, Corbett, Ormond & Garner (L. Firm)*, 371 S.C. 91, 96, 637 S.E.2d 316, 318–19 (Ct. App. 2006) (applying the ten-day limit to a motion for fees and costs under the South Carolina Frivolous Civil Proceedings Sanctions Act). Another rule, Rule 54(d), SCRCP, provides a ten-day

limit for prevailing parties to file motions for costs after final judgment. Again, all these requests for fees and costs are subject to the same ten-day deadline.

Windsor cites a 1982 U.S. Supreme Court case, *White v. New Hampshire Department of Employment Security*, in arguing that there is no time limit for requesting fees and costs after a final judgment because this sort of request is "collateral" to the merits. *White* stood for the proposition that requests for fees and costs, made for the first time postjudgment, were permissible, at least in the context of certain federal claims, so long as they were made within a reasonable amount of time and were not prejudicial to the opposing party. 455 U.S. 445, 452–54 (1982). This ruling, in which the Court also declined to extend the posttrial motions deadline to motions for attorney's fees and costs, stemmed at least in part from the fact that Federal Rule of Civil Procedure 54(d), at the time, contained no explicit time bar for such requests. *Id.* at 449–53; *see also Langham-Hill Petroleum Inc. v. S. Fuels Co.*, 813 F.2d 1327, 1330–31 (4th Cir. 1987) (discussing and applying *White*); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395–96 (1990) (recognizing and quoting *White* for the proposition that a federal court could consider a request for counsel fees even when the request was made "years after the entry of a judgment on the merits").

The federal cases listed above were decided years before an important amendment to Federal Rule 54(d), which changed the rule to provide a fourteen-day deadline for postjudgment requests for attorney's fees and costs. Fed. R. Civ. P. 54(d) (1993 amendment); *see also Mobley v. Dep't of Homeland Sec.*, 908 F. Supp. 2d 42, 45 (D.D.C. 2012) (describing the purpose of the fourteen-day deadline in Federal Rule 54(d)). The amendment to Federal Rule 54(d) seems to plainly supersede *White*, and though South Carolina's Rule 54 does not directly address attorney's fees in the way that the current federal rule does, we are not inclined to interpret state law as allowing a nebulous "reasonable" time to file a motion for attorney's fees and costs after the circuit court has entered a final judgment on all claims.

Here, the circuit court's grant of summary judgment resolved all claims in the case and, for that reason, was plainly a final judgment. We accept Windsor's argument that attorney's fees and costs are related to the merits of a principal claim but are also distinct from the merits, and that because of this, a Rule 59(e) motion, which asks the court to reconsider issues that have already been decided, would be inapplicable if fees and costs were not previously requested. Still, accepting that proposition does not lead to the conclusion that there is an open-ended deadline after a final judgment has been entered for filing a postjudgment request for this relief. Deadlines ensure parties have certainty about when litigation has ended.

As mentioned before, Windsor's answer asked for "costs . . . against [Century]" in its prayer for relief. Rule 54(d), SCRCP, sets a ten-day deadline on motions for costs. The motion here was filed five years after the case was decided, eleven months after the case was remitted, and was plainly untimely. Accordingly, we reverse the award of fees and costs in its entirety.

**OTHER ISSUES**

Century raises two other issues on appeal: whether Windsor lacked privity and/or standing to claim fees and costs under the property management agreement and whether the agreement can even apply when Century's suit against Windsor was a statutory claim for contribution, not a contractual claim based on the agreement. We decline to address these issues for two distinct reasons. First, Century did not raise these issues to the circuit court until its motion to reconsider. *See Johnson v. Sonoco Prods. Co.*, 381 S.C. 172, 177, 672 S.E.2d 567, 570 (2009) (explaining issues raised for the first time in a motion to reconsider are not preserved for appellate review). Second, our conclusion that the reasoning given above requires reversing the award is dispositive. *See Futch*, 335 S.C. at 613, 518 S.E.2d at 598 (holding an appellate court need not review remaining issues when its determination of a prior issue is dispositive of the appeal).

**REVERSED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.