**UNITED STATES, Appellant,**

v.

**Curtis J. LYONS, Appellee.**

**No. 81–426.**

District of Columbia Court of Appeals.

Submitted May 28, 1982.

Decided July 21, 1982.

Charles F. C. Ruff, U. S. Atty., Washington, D. C., at the time the brief was filed, with whom John A. Terry, and Michael D. Hays, Asst. U. S. Attys., Washington, D. C., were on the brief for appellant.

Curtis J. Lyons pro se.

No brief was filed on behalf of appellee.

Before NEWMAN, Chief Judge, and FERREN and PRYOR, Associate Judges.

PER CURIAM:

In this case appellant challenges the dismissal of a charge against appellee due to the government's refusal to disclose the identity of an informer. The sole issue is whether the trial court committed reversible error when it required the government to disclose the identity of the informer, who supplied the government with information which was critical to the issuance of a search warrant, but who, according to this record, was not present at the occurrence of the alleged crime, did not participate in it, and could not give direct testimony concerning the facts at issue. Under these circumstances, we hold that the trial court committed reversible error.

I

Appellee was charged with one count of possession of implements of a crime,[1] i.e., narcotics paraphernalia, which were seized during the execution of a search warrant for an apartment in Northwest Washington on November 15, 1980. According to the affidavit of Detective Staples in support of the application for the search warrant, Curtis Laws[2] admitted the informer to apartment # 4 at 452 M Street, N.W. While the informer sat and talked to him, the informer heard several knocks on the door, and watched Laws admit a number of men and women at various times who requested "one quarter," "a bag of dope," or some "heroin." He heard Laws ask for $45 and observed the exchange of money for small plastic bags containing a white powder. He also noticed "several needles and syringes and bottle cap cookers laying around the room." The affidavit stated that these events occurred within 72 hours prior to November 14, 1980, the date on which Detective Staples swore to the affidavit. On the basis of this affidavit, the police obtained a search warrant that same day for apartment # 4 at 452 M Street, N.W., and executed the warrant the following day. At that time, police officers seized narcotics paraphernalia, consisting of "syringes, cookers, tinfoil and tourniquets," $1,748 in cash and some personal papers. The police also arrested appellee, who was present during the search.

Before trial appellee moved for discovery of the identity of the informer. At a pretrial hearing on the discovery motion, appellee contended that he was entitled to the identity of the informer pursuant to *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957) and *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).[3] He argued that the testimony of the informer was material to appellee's defense that certain other people had engaged in drug transactions previous to the search of the apartment and had left the narcotics paraphernalia on the premises. Since there was no indication that the informer was a witness to the crime charged and since appellee's showing of the materiality of the informer's testimony was purely speculative, the government argued that it had no obligation to reveal the identity of the informer.

---

1. D.C.Code 1973, § 22–3601.

2. The affidavit referred to the person occupying the premises as Curtis Laws. The government assumed that Curtis Laws was Curtis Lyons.

3. Because the showing that the informer's testimony would have been material and favorable to the defense is central to both *Brady* and *Roviaro*, we can address both claims in a single discussion. *See Hamilton v. United States*, D.C.App., 395 A.2d 24, 26 (1978).

■ At the conclusion of the hearing, the trial court ruled that appellee was entitled to disclosure of the informer's identity since the informer may have valuable information relevant to the case. Upon the government's decision to withhold the identity of the informer, the judge dismissed the information.[4]

## II

■ The informer's privilege, which is in reality the government's privilege, protects the identity of people who inform law enforcement officials of violations of law. *Roviaro v. United States, supra*, 353 U.S. at 59, 77 S.Ct. at 627; *United States v. Bell*, 165 U.S.App.D.C. 146, 154 n.44, 506 F.2d 207, 215 n.44 (1974). The rationale for the privilege is that anonymity will encourage citizens to provide information and thus further the public interest in effective law enforcement. *See Roviaro v. United States, supra* 353 U.S. at 59, 77 S.Ct. at 627; *United States v. Bell, supra* 165 U.S.App.D.C. at 154 n.45, 506 F.2d at 215 n.45. *See generally* 8 WIGMORE ON EVIDENCE § 2374 (McNaughton rev. 1961 & Supp.1982).

The Supreme Court has recognized that in certain circumstances the informer's privilege must give way where confidentiality jeopardizes the fairness of the proceedings. *See Roviaro v. United States, supra* 353 U.S. at 60–61, 77 S.Ct. at 627–28; *Hicks v. United States*, D.C.App., 431 A.2d 18, 21 (1981). However, courts have declined to fix an absolute rule with respect to disclosure. *See, e.g., McCray v. Illinois*, 386 U.S. 300, 311, 87 S.Ct. 1056, 1062, 18 L.Ed.2d 62 (1967); *Roviaro v. United States, supra* 353 U.S. at 62, 77 S.Ct. at 628; *Savage v. United States*, D.C.App., 313 A.2d 880, 884 (1974); *United States v. Bell, supra* 165 U.S.App.D.C. at 155, 506 F.2d at 216. Rather, courts must balance "the public interest

in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States, supra* 353 U.S. at 62, 77 S.Ct. at 628; *United States v. Bell, supra* 165 U.S.App.D.C. at 155, 506 F.2d at 216; *see Hicks v. United States, supra* at 21–22. Relevant considerations include "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro v. United States, supra* 353 U.S. at 62, 77 S.Ct. at 628; *see Hamilton v. United States*, D.C.App., 395 A.2d 24, 26 (1978).

■ The burden is on the person seeking disclosure to demonstrate that the informer is not merely an informer but rather a participant, an eyewitness or someone who could give direct testimony on the events at issue. *Id.* at 26; *United States v. Skeens*, 145 U.S.App.D.C. 404, 408, 449 F.2d 1066, 1070 (1971). For instance, the *Roviaro* informer, whose identity was ordered to be disclosed, was the only participant, other than the accused, in the crime charged and was the only witness who could contradict the government's case. 353 U.S. at 64–65, 77 S.Ct. at 629–30. "Mere speculation that the informer might possibly be of some assistance is not sufficient to overcome the public interest in the protection of the informer." *United States v. Skeens, supra* at 408, 449 F.2d at 1070, *quoting Lannom v. United States*, 381 F.2d 858, 861 (9th Cir. 1967), *cert. denied*, 389 U.S. 1041, 88 S.Ct. 784, 19 L.Ed.2d 833 (1968). *See also Hamilton v. United States, supra* at 26; *Hooker v. United States*, D.C.App., 372 A.2d 996, 997–98 (1977).

■ In this case, the informer, who was on the premises within a few days prior to the search, provided the government with information sufficient to establish probable cause for the search warrant.[5] There is no

---

4. When the government withholds the identity of an informer after a court order to disclose, an appropriate remedy is dismissal of the action. *Roviaro v. United States, supra* 353 U.S. at 61, 77 S.Ct. at 628; *United States v. Skeens*, 145 U.S.App.D.C. 404, 407, 449 F.2d 1066, 1069 (1971).

5. Pretrial appellee did not challenge the showing of probable cause to support the warrant. When the issue is probable cause for an arrest or search rather than the ultimate guilt or innocence of the accused, disclosure may result if the trial court is not satisfied that the police officers relied in good faith on credible information from a reliable informer. *See McCray v.*

indication in the record that when the police executed the warrant, they seized any of the same items as the informer had previously observed. Nor did the seizure occur on the same day as the informer's observations. Hence the resulting charge of possession related to an incident separate from the one the informer allegedly observed. Thus, on this record, there is no indication that the informer was either a witness to or a participant in the crime charged.

■ Nonetheless, the trial court ordered disclosure, stating, "the informant ... may have valuable information about—that is relevant to this case. I don't know, it may be helpful to the defense, it may not." The trial court applied an improper standard. The court based disclosure on pure specula-

*Illinois, supra* 386 U.S. at 311–13, 87 S.Ct. at 1062–63; *Hicks v. United States, supra* at 22 n.2; *United States v. Harrison,* 139 U.S.App. D.C. 266, 267, 432 F.2d 1328, 1329 (1970).

tion concerning defense interests instead of balancing "the public interest in protecting the flow of information against the individual's right to prepare his defense." *Roviaro v. United States, supra,* 353 U.S. at 62, 77 S.Ct. at 628. Accordingly, we conclude that the trial court abused its discretion [6] in ordering disclosure of the informer and dismissing the information.

*Reversed.*

6. We will overturn the trial court's ruling on the question of disclosure of an informer only for an abuse of discretion. *See, e.g., Hamilton v. United States, supra* at 26; *Hooker v. United States, supra* at 997.