**Barry MELLOW**

v.

**MEDICAL MALPRACTICE JOINT UNDERWRITING ASSOCIATION OF RHODE ISLAND et al.**

**No. 89-161-Appeal.**

Supreme Court of Rhode Island.

Dec. 21, 1989.

Lauren E. Jones, Jones & Aisenberg, Stephen Linder, Providence, for plaintiff.

Raymond A. Marcaccio, David P. Whitman, Hanson, Curran, Parks & Whitman, Gregory L. Boyer, Boyer, Reynolds & DeMarco, Providence, for defendants.

Before FAY, C.J., and KELLEHER, WEISBERGER, MURRAY and SHEA, JJ.

OPINION

PER CURIAM.

On December 7, 1989, the litigants, by their counsel, appeared before this court to

show cause why the issue presented in this appeal should not be summarily decided.

On September 22, 1982, plaintiff, a physician, was on emergency-room duty at the Kent County Memorial Hospital when he treated Albert Ruzzo (Ruzzo) for injuries to his head and body. In the course of treatment, plaintiff tested Ruzzo's blood-alcohol level. The results of that test became public knowledge when published in the local newspaper. Ruzzo then brought suit against plaintiff for his revealing this information without his consent. In doing so, Ruzzo complained that plaintiff had invaded his privacy and caused him to incur "humiliation, shame, emotional distress and mental anguish."

At this point plaintiff sought the assistance of his insurers, Medical Malpractice Joint Underwriting Association of Rhode Island (JUA) and Insurance Company of North America (INA). Both defendants refused to defend plaintiff. After plaintiff was successful in his defense against Ruzzo's claim, he instituted suit against both insurers for the expenses he incurred in Ruzzo's lawsuit. A Superior Court justice granted summary judgment in favor of INA and JUA, and plaintiff appeals.

The JUA is a medical-malpractice insurer, and INA had issued a homeowner's policy to plaintiff. In *Employers' Fire Insurance Co. v. Beals*, 103 R.I. 623, 240 A.2d 397 (1968), this court emphasized that the duty to defend is broader than the duty to indemnify. Recently in *Hingham Mutual Fire Insurance Co. v. Heroux*, 549 A.2d 265 (R.I.1988), this court pointed out that as a general principle, this court can find that the duty to defend arises when the complaint in the underlying tort action contains facts sufficient to bring the case within the coverage of the policy, regardless of whether the plaintiffs in the tort action will prevail in the tort action.

 The main language of INA's policy provides coverage to plaintiff "if someone brings a liability claim against [him] for bodily injury or property damage for which [he is] liable." Bodily injury is defined as any physical harm, sickness, or disease and includes any care that is required or any services that are lost or death that results from bodily injury. It is obvious that the complaint against plaintiff does not allege property damage or bodily injury as defined in the INA policy. It alleges an invasion of privacy that led to emotional, rather than physical, harm. It is obvious that INA did not have a duty to defend plaintiff against Ruzzo's complaint.

■ The JUA policy is a medical-malpractice policy that insures against claims "arising out of the rendering or failure to render * * * professional services" by the insured. JUA contends that Ruzzo's claim does not come within the provisions of its policy.

It is our belief that, after an examination of Ruzzo's complaint against Mellow, the allegations set forth therein were sufficient to bring the claim within or potentially within the coverage of the JUA policy. Accordingly the plaintiff's appeal is sustained in part and denied in part. The judgment of the Superior Court insofar as it relates to JUA is vacated, and the case is remanded to the Superior Court for a trial on damages only. The plaintiff's appeal as it relates to his claim against INA is denied and dismissed.