[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court on defendant's motion for summary judgment, and on plaintiff's cross motion for summary judgment pursuant to R.C.P. 56.
Defendant Medical Malpractice Joint Underwriting Association of Rhode Island (JUA) moves for a summary judgment in its favor and against plaintiff Dr. Barry Mellow (Mellow), in his suit to compel the JUA to reimburse him for legal expenses and costs incurred in prosecuting JUA in this action disputing coverage. Mellow's cross motion alleges that JUA had a duty to defend him in a third party action based upon the language contained in the insurance policy issued to him by JUA. Mellow contends that the legal expenses incurred in litigating the breach of the insurance contract were recoverable under the policy. He argues the legal fees were forseeable consequential damages flowing from the breach of JUA's duty to defend, and as such Mellow asks the court to grant summary judgment in his favor In contrast, JUA claims that neither a statutory nor contractual basis exists that entitles Mellow to legal fees in the suit against JUA. For the reasons set forth below, this court finds for Mellow.
In considering whether to grant a motion for summary judgment, the court must review the pleadings, affidavits, memoranda, and other appropriate evidence and all reasonable inferences that may be drawn therefrom in a light most favorable to the non-moving party. Rustigian v. Celona, 478 A.2d 187, 189 (1984). The court must decide whether or not a genuine issue of material fact exists. Id. If the party opposing the motion establishes either by affidavit or by other means that a material issue of fact exists then the court must deny the motion.Grissom v. Pawtucket Trust Company, 559 A.2d 1065 (R.I. 1989). In this case the facts are not in dispute and the parties argue respectively that the damages sought — i.e. attorney fees — are either allowed or not allowed as a matter of law.
In 1982, the plaintiff, then a physician at the Emergency Room of Kent County Memorial Hospital, treated Albert D. Ruzzo, who was brought to the hospital after sustaining injuries in an auto accident. Dr. Mellow disclosed Ruzzo's blood alcohol level to a police officer who had accompanied Ruzzo to the hospital. Ruzzo's blood alcohol level, along with information regarding his arrest, was ultimately published in a local newspaper. Ruzzo sued Mellow, claiming an invasion of privacy based on the disclosure of confidential health care information.
Upon receiving notice of suit, JUA refused to defend Mellow. Mellow engaged attorney Steven G. Linder, who successfully defended him against Ruzzo's claim. At the same time, Mellow brought this breach of contract action against JUA. Ultimately, the Rhode Island Supreme Court found for Mellow, holding that "the allegations [of the Ruzzo complaint] are sufficient to bring the claim within or potentially within the coverage of the JUA policy." Mellow v. Medical Malpractice Joint UnderwritingAssociation of Rhode Island, 567 A.2d 367, 368 (R.I. 1989). Finding that JUA breached its contractual duty to defend Mellow in the Ruzzo case, the court remanded the case for a trial on damages only. JUA offered to pay Mellow's legal fees incurred in the suit brought by Ruzzo, but refused to pay legal fees incurred by Mellow in his suit against JUA. It is at this point that both sides now move for summary judgment.
The issue presented for this court's consideration is whether JUA's breach of its duty to defend entitles Mellow to recover attorney's fees incurred in establishing that duty. For the reasons set forth below, this court finds that it does.
There is no doubt that the issue before the court is of first impression in Rhode Island and that there is a significant split of authority on the issue in other jurisdictions.
As previously stated, the Rhode Island Supreme Court established in Mellow that JUA had a contractual duty to defend Dr. Mellow against the Ruzzo claim based upon the policy language. That duty is not in dispute. Rather, the parties here differ over what Mellow is entitled to upon a breach of that duty. JUA argues that Mellow is barred by both statute and caselaw from recovering attorney's fees. Mellow, however, presents to the court more persuasive authority in favor of his recovery of attorney's fees.
The court recognizes that the Rhode Island Supreme Court has long held that attorney's fees may not be awarded as a separate item of damages, absent contractual or statutory authorization.Farrell v. Garden City Builders, 477 A.2d 81, 82 (R.I. 1984);Bibeault v. Hanover Insurance Co., 417 A.2d 313, 319 (R.I. 1980). The court finds that a basis does exist that entitles Mellow to attorney's fees. This basis is twofold.
First, Mellow is entitled to recover the fees incurred in prosecuting this action as an element of damages for breach of contract. This court finds that attorney's fees incurred in prosecuting or defending the contract action to establish the duty to defend are recoverable as an element of damages for the breach of the contractual duty to defend. Thus, the measure of damages for breach of the duty to defend "is the amount of the judgment against the insured plus any expenses incurred."Trovillion v. U.S. Fidelity Guar, Co., 474 N.E.2d 953, 958 (Ill. Ct. App. 1985). The court in Trovillion further held that recoverable "expenses incurred" include all "costs and attorney fees, which shall include those incurred in defending the underlying suit and in the prosecution and appeal of the instant action." Id. at 958. Trovillion was followed by the 7th Circuit Court of Appeals in Green v. J.C. Penney Auto Ins. Co.,806 F.2d 759 (7th Cir. 1986). The court cited cases from other jurisdictions that have reached the same result. Cohen v.American Home Assurance Co., 255 Md. 334, 258 A.2d 225 (1969);Security Mut. Cas. Co. v. Luthi, 303 Minn. 161, 226 N.W.2d 1978 (1975); New Jersey Mfrs. Ins. Co. v. Consolidated Mut. Ins.Co., 124 N.J. Super. 598, 308 A.2d 76 (1973); Hegler v. GulfIns. Co., 270 S.C. 548, 243 S.E.2d 443 (1978), Lanoue v.Fireman's Fund Am. Ins. Cos., 278 N.W.2d 49 (Minn. 1979);Morrison v. Swenson, 274 Minn. 127, 142 N.W.2d 640 (1966).
While recognizing that several jurisdictions adhere to a rule that does not allow recovery of attorney's fees, this court adopts the Trovillion rule. The court finds such a rule to be consistent with the basic, long recognized principle that damages recoverable for breach of contract include the foreseeable consequential damages resulting from the breach. Hadley v.Baxendale, 9 Exch. 341, 156 Eng. Rep. 145 (1854); Greene v.Creighton, 7 R.I. 1, 10-12 (1861).[1]
Mellow is also entitled to recover attorney's fees in his suit against JUA based on the language of the insurance policy. The policy has a provision that requires JUA to pay "reasonable expenses incurred by the insured at the company's request in assisting the company in the investigation or defense of any claim or suit . . ." [Exhibit A Insurance Policy, page 2, Supplementary Payments, subsection (d)].
Courts have held that such a provision, while generally not entitling a plaintiff to recover attorney's fees when the insurer contests coverage, does entitle a plaintiff to recover such fees where the insurer denied coverage and was found to have breached its duty to defend, as was the case with JUA. See Farmers Ins.Co. v. Rees, 638 P.2d 580, 583 (Wash. 1982) (Supreme Court En Banc); Atlantic Mutual Ins. Co. v. Judd Co., 380 N.W.2d 122
(Minn. 1986); Occidental Fire Cas. Co. v. Cook, 435 P.2d 3364, 368 (Idaho 1967).[2]
Mindful that Rhode Island case law has uniformly followed the rule that insurance policy language is to be construed against the insurer and in favor of the insured; Bush v. Nationwide Mut.Ins. Co., 448 A.2d 872 (R.I. 1982); this court finds that the contract itself provides for recovery of attorney's fees incurred in a successful suit to compel the insurance company to defend.
Mellow's motion for summary judgment in his favor is granted, JUA's motion is denied. The granting of summary judgment is limited to finding that attorney's fee incurred by plaintiff in establishing defendant's duty to defend is recoverable as a measure of damages. Defendant is entitled to a trial to a factfinder as to the amount of such damages that plaintiff has incurred.
Counsel will submit an order reflecting the court's decision to grant to Mellow partial summary judgment as aforestated.
[1] R.I.G.L. 9-1-45 states that a court may award reasonable attorney's fees to the prevailing party in any civil action arising from a breach of contract only if there was a complete absence of a justiciable issue of either law or fact raised by the losing party. Although that provision imposes a limit to consequential damages for breach of contract, it should not be construed to limit damages arising from a breach of duty to defend. The obligation of defending, if met, would obviate any legal expenses to be incurred by the insured, either in suing to establish the duty to defend or defending the underlying action at his own expense. Accordingly, R.I.G.L. § 9-1-45 must be limited in its application as above discussed. To construe that statute otherwise in the present proceeding would lead to the absurd result whereby an insured would be forced to expend his own monies to establish the insurer's contractual duty to defend, thereby denying him exactly what he contracted in part to receive, namely no personal loss for legal expenses.
[2] These cases permitted the insured to recover attorney fees in defending a declaratory judgment action brought by the insurer to determine its contractual duty to defend. In the instant case, the insured brought the declaratory judgment action. However, whether the insured brings such action or defends as to an action brought against him by the insurer, he should be entitled to recover under the policy provision discussed above.