## AETNA CASUALTY & SURETY COMPANY

v.

## WANNAMOISETT COUNTRY CLUB, INC. et al.

### No. 97–45–Appeal.

Supreme Court of Rhode Island.

Jan. 23, 1998.

Ronald Langlois, Providence.

Scott T. Spear, Nicholas Gorham, North Scituate.

**ORDER**

This case came before a hearing panel of this court for oral argument January 20, 1998, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

The defendant, Wannamoisett County Club, Inc. (Wannamoisett) has appealed from the entry of summary judgment in the Superior Court in favor of the plaintiff, Aetna Casualty & Surety Company (Aetna). The summary judgment was entered pursuant to a complaint for declaratory judgment brought by Aetna against the parties defendant seeking a declaration that Aetna did not have a duty to defend or indemnify Wannamoisett or its employee, Christopher Holland, in respect to a complaint filed by Malgorzata Wrzesien (Wrzesien). Wrzesien had brought an action in the Superior Court for the county of Providence against Wannamoisett and Holland. In this complaint she alleged that she had been subjected to repeated incidents of sexual harassment and discrimination while working for Wannamoisett from April 1993 until October 1993 in the capacity of a grounds keeper under the supervision of Holland. In three of six counts Wrzesien complains that Wannamoisett was guilty of sexual harassment and sexual discrimination in violation of the Rhode Island Fair Employment Practices Act, G.L. 1956 chapter 5 of title 28; that Wannamoisett was guilty of sexual harassment and discrimination in violation of Title VII of the Civil Rights Act of 1964; and that Wannamoisett injured her by intentional infliction of emotional distress. The remaining three counts allege sexual harassment and improper conduct by Holland.

Aetna had issued a policy of insurance covering workers' compensation and employers' liability. The employers' liability section of the Aetna policy covered "bodily injury by accident or bodily injury by disease." The policy specifically excluded from coverage

"bodily injury intentionally caused or aggravated by you" and "damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee, or any personnel practices, policies, acts or omissions."

The trial justice in accordance with the "pleadings test" set forth in *Peerless Insurance Co. v. Viegas,* 667 A.2d 785, 787 (R.I. 1995), and *Employers' Fire Insurance Co. v. Beals,* 103 R.I. 623, 631–33, 240 A.2d 397 (1968), examined the allegations in the complaint and compared those allegations to the terms of the policy and determined that those allegations did not fit within the policy coverage. There were no allegations that related to accidental bodily injury or negligence. Consequently, he determined that Aetna had no obligation to defend either Wannamoisett or Holland. In focusing upon the allegations of the complaint, the trial justice was following our precedents. Indeed, although Wrzesien alleged that she was a victim of a battery or unconsented touching, she made no allegation of bodily injury. We have also held that when a policy provided coverage against damage for bodily injury the insurer has no duty to defend against a complaint which alleges emotional rather than physical harm. *Mellow v. Medical Malpractice Joint Underwriting Association of Rhode Island,* 567 A.2d 367, 368 (R.I.1989).

Consequently, we conclude that the trial justice was correct in granting summary judgment for declaratory relief in favor of Aetna. Therefore, the defendant's appeal is denied and dismissed. The summary judgment entered in the Superior Court is affirmed.

LEDERBERG and BOURCIER, JJ., did not participate.