21087

FARMERS AND MERCHANTS BANK, Respondent, v. Anthony FARGNOLI, Carl Fargnoli and Rose Fargnoli, Appellants.

(260 S. E. (2d) 185)

*C. D. Hopkins, Jr.,* Hanahan, *for appellants.*
*W. J. McLeod,* Walterboro, *for respondent.*

November 15, 1979.

LITTLEJOHN, Justice:

The respondent, Farmers and Merchants Bank, brought its complaint in thirteen causes of action to collect on thirteen promissory notes executed by Anthony Fargnoli (principal), and endorsed by his parents, Carl and Rose Fargnoli (endorsers), the appellants. The principal defaulted; his endorsers answered by a general denial and alleged a lack of consideration. The trial judge granted summary judgment to the bank and awarded attorney fees of ten percent. The endorsers appeal, claiming there were genuine issues of fact and that the granting of attorney fees without receiving evidence as to the value of the services rendered was error. We affirm.

The endorsers assert that issues of fact were presented to the court through their answer and the affidavits. The principal stated in his affidavit that the notes were made at the request of the bank. The thirteen notes were renewals of existing notes signed only by the principal. The purpose of the new notes was to continue the debts until the bank collected on a claim the principal had assigned to it. By their affidavit, the endorsers acknowledged that they had endorsed the notes but claimed that it had been represented to them that the bank would not look to them for payment. They also admitted that they had not been in personal contact with the bank prior to signing the notes. The endorsers claim factual issues were raised as to (1) whether they were accommodation parties, (2) whether there was a lack of consideration, and (3) whether their signatures were procured by fraud.

The lower court correctly held that there was no genuine issue of fact. The endorsers admit that they signed each note underneath the legend:

"As an endorser of this note and any renewal thereof, I guarantee the payment and authorize the Bank at its option

to charge the same or any installment to my account if it is not paid promptly at maturity."

Under this language, the liability of the principal and the endorsers is identical.

The issues of fraud and the status of the endorsers as accommodation parties are affirmative defenses and must be specifically pled.

"Defenses to actions on bills and notes which must be specially pleaded in order that the defendant may rely upon them at the trial include defenses of fraud, . . . and those founded on the ground that the paper was accommodation paper. . . ." 12 Am. Jur. (2d) *Bills and Notes* § 1127.

Since the issues of fraud and accommodation were not pleaded, they were not properly before the court and would not preclude summary judgment. *See Turner Coleman, Inc. v. Ohio Construction & Engr., Inc.,* 272 S. C. 289, 251 S. E. (2d) 738 (1979).

The primary defense before the court, as raised by the answer, was that the lack of consideration made the notes unenforceable. Under the Uniform Commercial Code, consideration is not necessary for an instrument which secures an antecedent obligation. § 36-3-408, *Code of Laws of South Carolina* (1976).

"Want or failure of consideration is a defense as against any person not having the rights of a holder in due course (§ 36-3-305), *except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind. . . .*" (Emphasis added.)

The alleged lack of consideration is of no comfort to the endorsers, since they admit in their affidavit that the notes were given in place of other notes held by the bank.

The endorsers assert that, even if summary judgment was proper, the judge erred in awarding attorney fees of ten percent without receiving evidence

as to the value of the services rendered. As a general rule, the amount of attorney fees to be awarded in a particular case is within the discretion of the trial judge. The law requires, however, that the award must be reasonable. While there may be instances where the taking of evidence should be required in determining fees, we cannot say under the facts of this case that the amount awarded is unreasonable, or that it was error for the judge to award such an amount without evidentiary support. This is especially true in light of the fact that counsel has been required to defend the lower court on this appeal.

The judge correctly granted summary judgment, and the amount of attorney fees awarded did not constitute an abuse of discretion. Accordingly, the judgment is

Affirmed.

LEWIS, C. J., and NESS, RHODES and GREGORY, JJ., concur.