0399

The FEDERAL LAND BANK OF COLUMBIA, Respondent, v. Charles Kenneth WOOD, Ida Walker Wood, Alexander A. Popper, United States of America (Internal Revenue Service), South Carolina Tax Commission, Clyde L. Nichols as Treasurer of York County, W. T. Sherer, Jr., as Tax Collector for York County, and First Citizens Bank and Trust Company, of whom Charles Kenneth Wood and Ida Walker Wood are Appellants.

Appeal of Charles Kenneth WOOD and Ida Walker Wood.

(327 S. E. (2d) 360)

Court of Appeals

*Charles Kenneth Wood* and *Ida Walker Wood, pro se.*

*Melvin B. McKeown, Jr.,* of *Spratt, McKeown & Spratt,* York, *for respondent.*

Heard Jan. 22, 1985.

Decided Feb. 25, 1985.

SANDERS, Chief Judge:

In this case, the Federal Land Bank of Columbia seeks to foreclose a mortgage on two tracts of land owned by Charles Kenneth Wood. Ida Walker Wood was made a party because she also holds a mortgage of record on the property. The other parties have or claim some interest in the property as well. Only Mr. Wood and Mrs. Wood appeal the decree of the Circuit Court ordering foreclosure.

The Woods first argue that the trial judge erroneously ordered foreclosure of certain liens against the property, subordinate to the mortgage of the bank, because none of those lien holders sought foreclosure and no notice was given that their liens would be foreclosed. We conclude this argument is without merit.

The trial judge initially referred the case to a Special Master and Referee who rendered his report to the court after he received testimony and other evidence. The Woods apparently construed language contained in this report as ordering foreclosure of the liens of Mrs. Wood and another lien holder and took exception to the report on this ground. The trial judge specifically addressed this exception in his Decree of Foreclosure as follows:

> By exceptions, the defendants, Charles Kenneth Wood and Ida Walker Wood, challenged the findings of the Special Master and Referee in ordering a foreclosure of the junior liens of the defendants, Ida Walker Wood, Alexander A. Popper, United States of America, South Carolina Tax Commission, First Citizens Bank and Trust Company and York County. This exception is manifestly without merit, as the only lien foreclosed is the mortgage

lien on the plaintiff. The Federal Land Bank of Columbia.

Thus, it is clear that the trial judge did not order foreclosure of any lien other than that of the Bank.

The Woods next argue that the trial judge erred in determining the balance due on the debt to the Bank in that there was "insufficient, unverifiable and conflicting evidence as to the amount due." We reject this argument based on the evidence contained in the record.

The note, which is secured by its mortgage sought to be foreclosed, shows the principal amount due and the terms of the loan and provides for a variable amount of interest as determined by the Board of Directors of the Bank. Testimony was received without objection as to the balance due as of the date of trial. There was also testimony that the initial interest rate and the dates on which various changes in the rate were effected, as well as the amount credited against the loan balance for the sale of certain bank stock owned by Wood. Finally, there was testimony that no other payments were made on the loan and it was in default. The Woods offered no testimony or other evidence that the amount claimed by the Bank as due was incorrect.

This evidence was sufficient for the Master and the trial judge to find the amount due by Mr. Wood. Concurrent findings of fact by a Master and trial judge will not be disturbed on appeal unless they are without evidentiary support. *Townes Associates, Ltd. v. The City of Greenville*, 266 S. C. 81, 221 S. E. (2d) 773 (1976).

The Woods further argue that the trial judge erred "by not holding that Defendant Ida Walker [Wood] had a valid second mortgage and lien against the property." We reject this argument for the following reason.

While it is true that it did appear Mrs. Wood had a second mortgage of record on the property and so alleged in her answer, she never appeared to prove the validity of her lien or its amount at any of the three hearings held by the Master, despite being notified of her opportunity to do so.[1] The Master found he was "unable to make a finding

---

[1] At the final hearing the Master went so far as to issue a subpoena to Mrs. Wood, requiring her appearance. Mrs. Wood did not respond to the subpoena except by writing a letter to the Master claiming she was "physically incapable of effectively participating in the proceeding."

regarding the existence, validity or amount, if any, of the lien claimed by the defendant Ida Walker Wood, in the mortgaged property." Even if the Master could have made such findings from Mrs. Wood's answer alone, neither she nor Mr. Wood was prejudiced by his failure to do so.

In response to the exception by the Woods to the Master's report on this same point, the trial judge held:

> The right of the defendant Ida Walker Wood to assert any rights she may have to a surplus, if any, remaining after the foreclosure of the plaintiff's mortgage is preserved and protected.

His order went on to provide that any surplus

> ... be held subject to further order of the Court, to be disbursed to the parties to this action according to their respective rights and interests, upon such proceedings as may be necessary.

Therefore, it appears that Mrs. Wood's rights in the property have been fully protected despite her failure to prove her claim before the Master.

We also reject the argument of the Woods that the trial judge erred in awarding a fee of $4,500 for the Bank's attorney. The note contained a standard provision by which Mr. Wood agreed "if this note is collected by an attorney through suit or otherwise after default, to pay all costs of collection and such reasonable attorney's fee as may be permitted by law." The mortgage contained a similar provision relating to foreclosure and a separate provision by which Mr. Wood agreed to be liable for reasonable attorneys' fees incurred by the Bank in connection with any other legal proceeding involving this mortgage to which he became a party. The attorney for the Bank testified in some detail as to the services which he rendered representing the Bank in various proceedings involving this mortgage to which Mr. Wood was a party, including the instant action. As a general rule, the amount of attorneys' fees awarded is a matter within the discretion of the trial judge. *Farmers and Merchants Bank v. Fargnoli*, 274 S. C. 23, 260 S. E. (2d) 185 (1979). In our opinion, the trial judge did not abuse his discretion in awarding the attorney's fee based on this evidence.

Finally, we reject the argument of the Woods that the ■ trial judge erred in ordering sale of the property by parcels rather than the sale of only so much of it as was necessary to pay the debt. His order required that one tract be sold first and the second tract be sold only if the proceeds were insufficient. The Woods offered no testimony as to the value of either tract as units or on a divided basis.

In a suit for foreclosure, the trial court has the discretion to determine whether property should be divided for sale. *Watson v. Fowler*, 165 S. C. 288, 163 S. E. (2d) 640 (1932). Under the circumstances, we find no abuse of discretion here.

Accordingly, the order of the trial judge is

Affirmed.

GARDNER and BELL, JJ., concur.