872 F.2d 416
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ASHLAND OIL, INC., Plaintiff-Appellee,
v.
CARDINAL FUELS, INC., Home Oil Company, Inc., Southside Oil
Company, Inc., Tucker W. McLaughlin, Defendants-Appellants.
 No. 88-3886.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 10, 1989.
Decided March 28, 1989.
 
 Mary Stewart Murphy (Wyatt B. Durrette, Jr., McCarthy & Durrette, P.C. on brief) for appellants.
 Frank Kenneth Friedman (Michael A. Cleary, Woods, Rogers & Hazelgrove on brief) for appellee.
 Before K.K. HALL, SPROUSE, and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Cardinal Fuels, Inc., Home Oil Company, Inc., Southside Oil Company, Inc. (the Oil Companies), and Tucker W. McLaughlin (collectively, the Defendants) appeal from the grant of summary judgment in favor of Ashland Oil, Inc. on their counterclaim for abuse of process. McLaughlin also appeals from an award of attorneys' fees to Ashland. We affirm.
 
 I.
 
 2
 In 1983 McLaughlin, acting in his official capacity as president of the Oil Companies, signed a promissory note to Ashland. He also executed a personal guaranty agreement guaranteeing payment of the note and any attorneys' fees and costs incurred in its collection. The Oil Companies were identified in the note as Virginia corporations with addresses in Richlands, Covington, and Halifax, Virginia. The Halifax address, which was also listed in the guaranty agreement for McLaughlin, was the address used by Ashland in mailing statements for the note.
 
 
 3
 When the Oil Companies defaulted on the note in 1985, Ashland filed suit against the Defendants for payment under the note and the guaranty agreement. It also sought attorneys' fees from McLaughlin under the guaranty agreement. Ashland first attempted service of the summons and complaint by certified mail at what it allegedly believed to be McLaughlin's personal address: 1740 Fifth Street, Isle of Palms, South Carolina. The correct address was, in fact, 17 Forty-fifth Street. When the papers were returned unclaimed, service was again attempted by regular mail to the same address, also unsuccessfully. Service was finally made on the Secretary of the Commonwealth of Virginia pursuant to Va.Code Ann. Sec. 8.01-329 (1950 & 1984 Repl.Vol.).
 
 
 4
 Defendants failed to timely appear and default judgments were entered against them, jointly and severally, for more than $200,000.00 in principal and interest due under the note and against McLaughlin for attorneys' fees of $35,000.00. When McLaughlin subsequently learned of the default judgments, Defendants moved to set them aside pursuant to Federal Rules of Civil Procedure 55(c) and 60(b). For good cause shown, the district court set aside the default judgments. Defendants then filed an answer and a counterclaim for abuse of process arising from the attempted service of the summons and complaint at the South Carolina address. The district court granted summary judgment to Ashland on both its complaint and the counterclaim, and also awarded it attorneys' fees of $12,500.00.
 
 II.
 
 5
 In Virginia, a claim for abuse of process lies for "the perversion of regularly-issued process to accomplish some ulterior purpose for which the procedure was not intended." Donohoe Constr. Co. v. Mount Vernon Assoc., 235 Va. 531, 539, 369 S.E.2d 857, 862 (1988). The essential elements of the claim are "the existence of an ulterior purpose" and "an act in the use of the process not proper in the regular prosecution of the proceedings." Id.
 
 
 6
 Defendants' abuse of process counterclaim rested on the use by Ashland of the incorrect personal address of McLaughlin to attempt service of process rather than the Virginia business address to which it had previously sent the statements. The district court properly granted summary judgment to Ashland because the essence of Defendants' claim was the allegedly improper manner in which Ashland issued the process. "The gravaman of the tort [of abuse of process] lies in the abuse or the perversion of the process after it has been issued," id., not in the issuance of the process.
 
 III.
 
 7
 The guaranty agreement provided that McLaughlin would pay Ashland its "reasonable" attorneys' fees incurred in collection of the note in the event of default. At the time of the hearing on the motion for summary judgment, attorneys for Ashland claimed a total of between $4000.00 and $5000.00 in fees, to date, for their efforts to collect on the note. Although collection had not been completed, the district court awarded Ashland a lump sum fee of $12,500.00. McLaughlin contends that the award was unreasonable and unsupported by sufficient evidence as to value of the services rendered.
 
 
 8
 Determination of reasonableness is governed by South Carolina law since the guaranty agreement was executed by McLaughlin in South Carolina. See Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938); Occidental Fire & Casualty Co. v. Bankers & Shippers Ins. Co., 564 F.Supp. 1501, 1503 (W.D.Va.1983). Under the law of South Carolina, the district court award of attorneys' fees equalling approximately six percent of the total debt to be collected is reasonable on its face even in the absence of evidence regarding the value of the services rendered. See Farmers & Merchants Bank v. Farqnoli, 274 S.C. 23, 25-26, 260 S.E.2d 185, 187 (1979).
 
 
 9
 AFFIRMED.