600 S.E.2d 96

**Mary Eskew ROWELL, Respondent,**

v.

**Arthur H. WHISNANT, Jr., Judith H. Whisnant, Standard Savings & Loan Association, First Palmetto State Bank and Trust Company, Robert L. Wolston and Richland County Treasurer, Defendants, of whom Arthur H. Whisnant and Judith H. Whisnant are, Appellants.**

**No. 3822.**

Court of Appeals of South Carolina.

Heard April 8, 2004.
Decided June 7, 2004.
Rehearing Denied Aug. 19, 2004.

182

Timothy G. Quinn, of Columbia, for appellants.

John S. Nichols, and Melvin Dean Bannister, both of Columbia, for respondent.

STILWELL, J.:

Mary Rowell brought this action against Arthur and Judith Whisnant to determine the amount due under a note and mortgage, including fees and costs, and to foreclose the mortgage. The circuit court refused to grant foreclosure, but awarded Rowell attorney's fees of $7,500. The Whisnants appeal.[1] We affirm in part and remand for further findings.

## FACTS

Whisnant executed a "Mortgage Note" agreeing to repay Rowell $22,000 with 13% interest per annum. Among other things, the note provided payments were to be made in ten equal annual installments with the first installment due one year after the note's signing.

Additional pertinent provisions of the note provide as follows:

IF at any time any portion of the principal or interest be past due and unpaid, the whole amount evidenced by this Note shall, at the option of the holder, become immediately due and payable, and the holder shall have the right to institute any proceedings upon this Note and any lien given to secure the same for the purpose of collecting the principal and interest, with costs and expenses, or of protecting any security connected herewith. Failure to exercise this option shall not constitute waiver of the right to exercise the same in the event of any subsequent default.

IN the event of default in the payment of this Note, and if it is placed in the hands of an attorney for collection, the

---

1. The note and mortgage in question were executed only by Arthur. However, Judith was originally made a party to this action and has not been dismissed.

undersigned hereby agree(s) to pay all costs of collection, including a reasonable attorney's fee.

The note was secured by a mortgage on real property owned by Whisnant. The mortgage also contained a provision regarding attorney's fees which provided "IT IS AGREED by and between the parties, that in the case of foreclosure of this mortgage, by suit or otherwise, the mortgagee shall recover of the mortgagor a reasonable sum as attorney's fee, which shall be secured by this mortgage, and shall be included in judgment of foreclosure."

Whisnant's payment history was erratic until Rowell obtained services of an attorney for collection. In fact, when Rowell hired her attorney, the payments Whisnant had made were not even sufficient to cover the interest that had accrued. Whisnant made intermittent payments from this time until the note's principal and interest were paid in full nearly sixteen years after it was executed. At trial, Whisnant admitted being behind on the note, making late payments, and that some of his payments followed phone calls or letters from Rowell's attorney. Rowell's attorney sent a number of dunning letters to Whisnant, most also requesting attorney's fees in varying amounts—the most recent requesting fees in the amount of $7,500.

Although payments were rarely, if ever, made on time and several letters threatened Whisnant with foreclosure, Rowell continued to accept Whisnant's payments. Rowell commenced this action a few months after Whisnant's final payment on the note.

In her complaint, Rowell sought a determination of the amount due under the note and mortgage, including fees and costs, and sought foreclosure and sale of the mortgaged property. The Whisnants answered and counterclaimed (1) that the suit was frivolous under the South Carolina Frivolous Civil Proceedings Sanctions Act;[2] and (2) that Rowell's failure to discharge and satisfy the mortgage as required by South Carolina law resulted in damages to them in the amount of $11,000.[3]

---

**2.** *See* S.C.Code Ann. §§ 15-36-10—50 (Supp.2003).

**3.** *See* S.C.Code Ann. §§ 29-3-310 and 320 (Supp.2003).

Following a bench trial, the circuit court issued its order, refusing to grant foreclosure but awarding Rowell attorney's fees in the amount of $7,500.

## LAW/ANALYSIS

### I. Foreclosure

The Whisnants argue Rowell is not entitled to attorney's fees under the mortgage because foreclosure was denied. Additionally, they contend the amount of the award is unreasonable and unsupported by the evidence. We find no error in the court's decision to award attorney's fees, but remand for a fact-specific determination of the appropriate amount of the award.

■ The Whisnants' argument that Rowell is not entitled to attorney's fees is premised on their erroneous assertion that because the mortgage did not incorporate the note by reference, the intent of the parties must be construed solely from the mortgage's terms. Relying on this premise, the Whisnants then argue that because the mortgage only provides for attorney's fees in the event of a foreclosure, they are unavailable when, as here, the foreclosure action is denied.

However, Rowell was entitled to attorney's fees under the note itself. As set out above, the note specifically provides that "if it is placed in the hands of an attorney for collection, the undersigned hereby agree(s) to pay all costs of collection, *including a reasonable attorney's fee.*" (Emphasis added.) The Whisnants do not dispute that the note was placed with an attorney for collection or that it remained with the attorney until repayment of the principal and interest was completed. The bulk of the principal and interest payments were made only after the note was turned over to her attorney and collected by Rowell because of his intervention and efforts. A reasonable attorney's fee is therefore due under the note. Accordingly, we affirm the trial court's decision to grant Rowell attorney's fees despite its refusal to foreclose the mortgage.

■ However, we are unable to affirm the amount of the award. Six factors are normally considered in determining an award of attorney's fees: "(1) nature, extent, and difficulty of the legal services rendered; (2) time and labor devoted to the

case; (3) professional standing of counsel; (4) contingency of compensation; (5) fee customarily charged in the locality for similar services; and (6) beneficial results obtained." *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993). Trial courts should make specific findings of fact on the record for each of the factors set out above. In fact, "[o]n appeal, absent sufficient evidentiary support on the record for each factor, the award should be reversed and the issue remanded for the trial court to make specific findings of fact." *Id.* at 494, 427 S.E.2d at 661.

The only evidence in the record as to attorney's fees is the affidavit of Rowell's collection attorney. At best, this affidavit merely provides a general description of the tasks he performed. Although the record shows counsel authored ten or eleven letters over a thirteen-year period, and that payments were tendered through him, this alone is not enough to support the amount of attorney's fees awarded. Accordingly, because the trial court did not make specific findings of fact as to each of the six factors and there are not enough facts in the record to support the amount of attorney's fees awarded, we remand the award of attorney's fees for such findings to be made.

## II. Estoppel

The Whisnants argue alternatively that Rowell should be equitably estopped from claiming a default on the note because of her "long-continued" course of accepting late payments. We disagree.

As discussed previously, the note clearly provided Whisnant would be responsible for reasonable attorney's fees in the event the note was placed with an attorney for collection. Whisnant admits to being late on the note and to making the final payment well after it was due. Furthermore, Rowell's attorney made Whisnant well aware of the intention to seek attorney's fees under the note, as at least five of the letters written to Whisnant specifically ask for the fees to be paid. Therefore, we find this argument to be without merit.

## III. Satisfaction of Mortgage

The Whisnants next argue the trial court erred in not requiring satisfaction of the note and mortgage pursuant to S.C.Code Ann. § 29–3–310 (Supp.2003). Again, we disagree.

Section 310 calls for the satisfaction of mortgages by "[a]ny holder of record of a mortgage who has received full payment or satisfaction . . . [of the debt and other charges] secured by a mortgage of real estate." *Id.* As Rowell correctly notes, Whisnant has not provided "full payment or satisfaction" of the underlying note the mortgage secures because attorney's fees are owed on the note. Thus the trial court properly held Rowell need not satisfy the mortgage until Whisnant has paid the appropriate amount of attorney's fees. Thus, we hold the mortgage must be satisfied upon payment of attorney's fees due under the note.

Because our treatment of the issues to this point controls the outcome, we decline to address the Whisnants' remaining argument. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling appellate court need not review remaining issues when disposition of prior issues are dispositive).

## CONCLUSION

Accordingly, we affirm the trial court's decision to award attorney's fees, but remand for specific findings to be entered regarding the reasonableness of the amount of the award.

**AFFIRMED IN PART AND REMANDED.**

HUFF, J., and CURETON, A.J., concur.