616 S.E.2d 431

SEABROOK ISLAND PROPERTY OWNERS'
ASSOCIATION, Respondent,

v.

Joseph A. BERGER, Appellant.

No. 4012.

Court of Appeals of South Carolina.

Heard June 17, 2005.

Decided July 5, 2005.

236

Paul A. James, of Mt. Pleasant, for Appellant.

David B. Wheeler and Edward T. Fenno, of Charleston, for Respondent.

ANDERSON, J.:

Joseph A. Berger appeals the trial court's order assessing attorney's fees in the amount of $39,194.08 in favor of Seabrook Island Property Owners' Association (Seabrook). Berger argues the award is excessive and the trial court abused its discretion by refusing to allow him to testify in person at trial. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

This case arises out of a dispute between Berger, who is a resident of Seabrook Island, and Seabrook. The dispute began in 1997 when Seabrook notified Berger that his floating dock and unkempt yard violated Seabrook's covenants. Seabrook alerted Berger to the violations on numerous occasions and informed him of assessments he was incurring for failing to remedy the problems. After Berger neglected to correct the violations, Seabrook referred the matter to its attorney, David Wheeler, for enforcement and collection.

Over the course of the next couple of years, Wheeler and his associates sent many letters to Berger and his attorneys. Wheeler followed up with numerous attempts to resolve the matter. After these attempts failed, Seabrook filed suit against Berger seeking injunctive relief and recovery of assessments levied for violations of the covenants. The case was tried before Judge Roger M. Young who granted Seabrook

injunctive relief, $43,945, and attorney's fees and costs in an amount to be determined.

Berger appealed Judge Young's order. The attorney's fees determination was stayed pending the outcome of the appeal. We affirmed Judge Young's order in an unpublished opinion. *Seabrook Prop. Owners Ass'n Berger,* Op. No.2003–UP–417 (Ct.App. filed June 19, 2003).

On December 10, 2003, Seabrook petitioned the trial court to render an award of attorney's fees and costs, and included itemized invoices detailing the costs it incurred. Thereafter, Berger requested a hearing, and the matter was set for February 23, 2004 before Judge Mikell R. Scarborough. At the hearing, Berger's attorney requested that Berger be permitted to testify to contest specific items in the bills. The judge declined the request due to time considerations, but allowed Berger to submit a post-hearing affidavit setting forth his testimony. The trial judge further requested that Berger provide information about his own attorney's fees and asked him to outline why he thought Seabrook's attorney's fees were excessive.

After reviewing Berger's affidavit, the trial judge ruled that Seabrook had established the reasonableness of its attorney's fees and awarded Seabrook attorney's fees in the amount of $39,194.08. Berger filed a motion to vacate, alter, or amend the judgment and requested an opportunity to testify in person. The trial judge denied the motion.

### *LAW/ANALYSIS*

### I. Reasonableness of Attorney's Fees

■ Berger argues the trial court's award of attorney's fees should be vacated or reduced because it was excessive and punitive in nature. We disagree.

■ The general rule is that attorney's fees are not recoverable unless authorized by contract or statute. *Blumberg v. Nealco, Inc.,* 310 S.C. 492, 493, 427 S.E.2d 659, 660 (1993) (citing *Baron Data Sys., Inc. v. Loter,* 297 S.C. 382, 377 S.E.2d 296 (1989); *Hegler v. Gulf Ins. Co.,* 270 S.C. 548, 243 S.E.2d 443 (1978); *Collins v. Collins,* 239 S.C. 170, 122 S.E.2d 1 (1961)). "In South Carolina, the authority to award attor-

ney's fees can come only from a statute or be provided for in the language of a contract. There is no common law right to recover attorney's fees." *Harris–Jenkins v. Nissan Car Mart, Inc.*, 348 S.C. 171, 176, 557 S.E.2d 708, 710 (Ct.App. 2001) (citing *Jackson v. Speed*, 326 S.C. 289, 486 S.E.2d 750 (1997); *American Fed. Bank, FSB v. Number One Main Joint Venture*, 321 S.C. 169, 467 S.E.2d 439 (1996); *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 427 S.E.2d 659 (1993); *Baron Data Sys., Inc. v. Loter*, 297 S.C. 382, 377 S.E.2d 296 (1989); *Dowaliby v. Chambless*, 344 S.C. 558, 544 S.E.2d 646 (Ct.App. 2001); *Harvey v. South Carolina Dep't of Corrections*, 338 S.C. 500, 527 S.E.2d 765 (Ct.App.2000); *Global Protection Corp. v. Halbersberg*, 332 S.C. 149, 503 S.E.2d 483 (Ct.App. 1998); *Prevatte v. Asbury Arms*, 302 S.C. 413, 396 S.E.2d 642 (Ct.App.1990)).

■ "Restrictive covenants are contractual in nature." *Hoffman v. Cohen*, 262 S.C. 71, 75, 202 S.E.2d 363, 365 (1974); *see also Seabrook Island Property Owners Ass'n v. Pelzer*, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct.App.1987) ("Restrictive covenants are contractual in nature and bind the parties thereto in the same manner as any other contract.") (citation omitted).

The trial judge's order analyzes Seabrook's contractual basis for recovery of attorney's fees as follows:

Section 2 of The Protective Covenants for the Seabrook Island Development, as amended (the "Covenants"), binds all property owners in the Development to the obligations set forth in the Covenants and derivative regulations; Paragraph 2(e) addresses the adoption, distribution, and enforcement of the regulations for the common good, including regulations for the design and construction of improvements on and for the maintenance of property, as well as sanctions for violations. Section 3 of the Covenants provides that the Board of Directors of the SIPOA has the right to bill for fees, charges, costs and assessments contemplated by the Covenants and/or imposed pursuant to the SIPOA's Bylaws, as amended from time to time, and to institute legal proceedings to collect such sums, "including the right to charge and collect all necessary attorneys' fees, court costs and other collection expenses." Section 7.3 of the Bylaws of the

SIPOA, as amended, provides for Plaintiff to recover its attorneys' fees and costs incurred in actions to collect amounts due and owing. Section 8.5 of the Bylaws provides that in any action to enforce the covenants, the Bylaws or rules and regulations of the SIPOA, "the Property Owner, tenant, guest, invitee or other person responsible for the violation of which abatement is sought shall pay all costs, including reasonable attorneys' fees actually incurred."

We are, accordingly, dealing with a contract-based attorney's fee award.

■■ "Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown." *Baron Data Sys., Inc. v. Loter,* 297 S.C. 382, 384, 377 S.E.2d 296, 297 (1989) (citing *Smith v. Smith,* 264 S.C. 624, 216 S.E.2d 541 (1975); *Nelson v. Merritt,* 281 S.C. 126, 314 S.E.2d 840 (Ct.App.1984)); *accord Blumberg,* 310 S.C. at 493, 427 S.E.2d at 660. "Where an attorney's services and their value are determined by the trier of fact, an appeal will not prevail if the findings of fact are supported by any competent evidence." *Baron Data Sys.,* 297 S.C. at 384, 377 S.E.2d at 297 (citing *Singleton v. Collins,* 251 S.C. 208, 161 S.E.2d 246 (1968)).

■ There are six factors to consider in determining an award of attorney's fees: 1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee customarily charged in the locality for similar services; and 6) beneficial results obtained. *Blumberg,* 310 S.C. at 494, 427 S.E.2d at 660 (citing *Collins v. Collins,* 239 S.C. 170, 122 S.E.2d 1 (1961)); *Jackson v. Speed,* 326 S.C. 289, 308, 486 S.E.2d 750, 760 (1997); *Burton v. York County Sheriff's Dept.,* 358 S.C. 339, 358, 594 S.E.2d 888, 898 (Ct.App.2004); *Weatherford v. Price,* 340 S.C. 572, 580, 532 S.E.2d 310, 314 (Ct.App.2000). On appeal an award of attorney's fees will be affirmed so long as sufficient evidence in the record supports each factor. *Blumberg,* 310 S.C. at 494, 427 S.E.2d at 660.

In the case *sub judice,* the trial judge made detailed findings of fact and considered the six factors enumerated in *Blumberg* in concluding the attorney's fees were reasonable

and customary. The judge noted the case took more than six years to resolve, included an appeal, and constituted 250 hours of attorney time. The rates outlined in the itemized billing records reflected Wheeler's normal rates for similar litigation, were customary for the community, and showed Wheeler made numerous attempts to resolve the matter short of trial. Additionally, Wheeler is a respected practitioner in the area of homeowners' association law and achieved a beneficial result in this case.

Berger's arguments that he spent less money than Seabrook on attorney's fees and that the case was "not complicated" enough to warrant the award do not persuade us that the trial judge abused his discretion. Berger represented himself at various stages in the dispute. The judge found the issues presented were "complex" and cited Judge Young's order noting the "lengthy litigation process." Based upon the trial court's written findings and our review of the record, we find the trial court did not abuse its discretion in determining the amount of attorney's fees.

Additionally, Berger's argument the award of attorney's fees was punitive in nature is without merit. The only issue before the trial court was the assessment of attorney's fees and costs to Seabrook. There is no evidence the award was excessive or punitive in nature. Seabrook presented ample evidence indicating it actually incurred the fees awarded.

## II. No Right to Testify

Berger argues the trial court erred by requiring that he submit an affidavit contesting the reasonableness of Seabrook's attorney's fees, rather than allowing him to testify live at the hearing. Berger further contends his live testimony would have better enabled him to address his objections to the attorney's fees because Seabrook's attorney, Wheeler, was present and would have been able to clarify or respond to any matters in dispute.

As a general rule, the admission of evidence is a matter addressed to the sound discretion of the trial court. *Gamble v. Int'l Paper Realty Corp. of South Carolina*, 323 S.C. 367, 373, 474 S.E.2d 438, 441 (1996); *Hofer v. St. Clair*, 298 S.C. 503, 513, 381 S.E.2d 736, 742 (1989); *R & G Constr.*,

*Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 439, 540 S.E.2d 113, 121 (Ct.App.2000). On appeal, therefore, this Court will not disturb a trial court's evidentiary rulings absent a clear abuse of discretion. *Id.* at 439, 540 S.E.2d at 121; *Elledge v. Richland/Lexington School Dist. Five*, 352 S.C. 179, 185, 573 S.E.2d 789, 792 (2002); *see also Whaley v. CSX Transp., Inc.*, 362 S.C. 456, 483, 609 S.E.2d 286, 300 (2005) (observing admission of evidence will not be reversed absent an abuse of discretion). The trial judge's decision will not be reversed on appeal unless it appears he clearly abused his discretion and the objecting party was prejudiced by the decision. *S.C. Prop. & Cas. Guar. Ass'n v. Yensen*, 345 S.C. 512, 548 S.E.2d 880 (Ct.App.2001); *Sullivan v. Davis*, 317 S.C. 462, 454 S.E.2d 907 (Ct.App.1995). "For this Court to reverse a case based on the admission of evidence, both error and prejudice must be shown." *Stevens v. Allen*, 336 S.C. 439, 448, 520 S.E.2d 625, 629 (Ct.App.1999) (citing *Timmons v. South Carolina Tricentennial Comm'n*, 254 S.C. 378, 175 S.E.2d 805 (1970)).

As a preliminary matter, we note that this case does not involve the exclusion of any of Berger's proffered evidence; rather it concerns the manner in which he was allowed to present the evidence. Considering that the trial judge is vested with discretion to admit or exclude evidence, *a fortiori* the trial judge may regulate the manner in which evidence is offered to the court, subject to review for abuse of discretion or error of law. Accordingly, we reason that in contesting a trial judge's regulation of the way in which testimony is presented, an appellant must show both error and prejudice. *Cf. Fields v. Reg'l Med. Center Orangeburg*, 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005) (citations omitted) (finding that to warrant a reversal based on the admission or exclusion of evidence, the appellant must prove both the error of the ruling and the resulting prejudice, i.e., that there is a reasonable probability the jury's verdict was influenced by the challenged evidence or the lack thereof); *Ellis v. Davidson*, 358 S.C. 509, 525, 595 S.E.2d 817, 825 (Ct.App.2004) (same); Rule 103, SCRE (providing that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected[.]").

 Unlike in criminal cases, litigants in civil matters do not have a constitutionally guaranteed right to testify before the court. In *Faretta v. California*, the United States Supreme Court observed that the Court has "often recognized the constitutional stature of rights that, though not literally expressed in the document, are essential to due process of law in a fair adversary process." 422 U.S. 806, 819, n. 15, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Among these rights is the right of "an accused ... to testify on his own behalf[.]" *Id.* (citations omitted). This guarantee pertains only to criminal cases, however. "[I]n the absence of due process concerns, there is no fundamental right to testify in a civil action." *Williams v. Chrysler Ins. Co.*, 928 P.2d 1375, 1381 (Colo.Ct. App.1996).

The South Carolina Supreme Court has addressed the award of attorney's fees where a trial judge did not receive any evidence on the reasonableness of attorney's fees. In *Farmers & Merchants Bank v. Fargnoli*, 274 S.C. 23, 260 S.E.2d 185 (1979), the court affirmed an award of attorney's fees, even though the trial judge did not "receiv[e] evidence as to the value of the services rendered." *Id.* at 25–26, 260 S.E.2d at 187. The *Farmers* court propounded:

> As a general rule, the amount of attorney fees to be awarded in a particular case is within the discretion of the trial judge. The law requires, however, that the award must be reasonable. While there may be instances where the taking of evidence should be required in determining fees, we cannot say under the facts of this case that the amount awarded is unreasonable, or that it was error for the judge to award such an amount without evidentiary support.

*Id.* at 26, 260 S.E.2d at 187. Subsequent decisions have emphasized the requirement that the record contain evidence supporting each of the six factors enumerated in *Blumberg*. In *Rowell v. Whisnant*, 360 S.C. 181, 600 S.E.2d 96 (Ct.App. 2004), this Court explicated:

> Trial courts make specific findings of fact on the record for each of the factors set out above [the *Blumberg* factors]. In fact, "[o]n appeal, absent sufficient evidentiary support on the record for each factor, the award should be reversed

and the issue remanded for the trial court to make specific findings of fact."

*Rowell,* 360 S.C. at 186, 600 S.E.2d at 99 (quoting *Blumberg,* 310 S.C. at 494, 427 S.E.2d at 661).

■ Thus, so long as the record supports each of the six factors for awarding attorney's fees, a trial judge's refusal to take any evidence—written or oral—on the reasonableness of the fees is not necessarily erroneous. In the instant case, the trial judge specifically addressed each of the *Blumberg* factors and concluded Seabrook's fees were reasonable. Berger is unable to demonstrate to this Court that the trial judge erred, and we find no abuse of discretion in the trial judge's decision to consider Berger's testimony through an affidavit rather than live testimony.

Even were we to find error, Berger's claim would still fail because he has not demonstrated prejudice resulting from the trial judge's decision. The judge did not exclude any evidence, and Berger cannot show he was prejudiced because his testimony was written rather than oral. Although the trial judge did not permit Berger to testify in person, he allowed Berger to submit an affidavit up to twenty days after the hearing. The affidavit provided Berger with a fair opportunity to offer complete, detailed testimony regarding his objections to the attorney's fees.

### CONCLUSION

■ We rule that a trial judge in the exercise of discretion in an award of attorney's fees under a contract between the parties is *NOT* required to take live testimony, ***provided*** the adverse party is allowed to present a full and complete presentation against the award of attorney's fees by affidavits. The record contains ample evidence to support the trial judge's findings and his award of $39,194.08 in attorney's fees in favor of Seabrook. Therefore, the order of the trial judge is

**AFFIRMED.**

STILWELL and WILLIAMS, JJ., concur.