**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Karen Irby, Appellant,

v.

Augusta Lawson, Respondent.

Appellate Case No. 2010-171346

———————————

Appeal From Laurens County
J. Mark Hayes, II, Circuit Court Judge

———————————

Unpublished Opinion No. 2012-UP-600
Heard October 1, 2012 – Filed October 31, 2012

———————————

**AFFIRMED**

———————————

Andrew M. Jones, Jr., of Jones & Jones, LLC, of
Greenville, for Appellant.

Edward D. Sullivan, of Sullivan Law Firm, of Columbia
for Respondent.

———————————

**PER CURIAM:** Augusta Lawson moved for sanctions against Karen Irby under the South Carolina Frivolous Civil Proceedings Sanctions Act[1] (the Act) and Rule 11, SCRCP. The trial court granted attorneys' fees and costs of $5,143 to Lawson.

---

[1] S.C. Code Ann. §§ 15-36-10 to -50 (2005 & Supp. 2011).

Irby appeals, arguing (1) the trial court erred in ruling on the issue of sanctions because a prior trial judge retained exclusive jurisdiction to hear the matter, (2) the filing of an action for damages against Lawson was reasonable, and (3) no evidence supported the award of attorney's fees. We affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1.     As to whether the trial court erred in ruling on the motion for sanctions: Rule 43(l), SCRCP ("If any motion be made to any judge and be denied, in whole or in part, or be granted conditionally, no subsequent motion upon the same state of facts shall be made to any other judge in that action."); S.C. Code Ann. § 15-36-10(C) (Supp. 2011) (providing the *court* shall determine if a claim or defense is frivolous under the Act at the conclusion of a trial or a case that has been dismissed upon the motion of the prevailing party); *Salmonsen v. CGD, Inc.*, 377 S.C. 442, 454, 661 S.E.2d 81, 88 (2008) (finding no merit to the appellant's argument that one circuit judge overruled another when the first judge never ruled on the precise issue).

2.     As to whether it was reasonable for Irby to file her action against Lawson: *Plum Creek Dev. Co. v. City of Conway,* 334 S.C. 30, 34, 512 S.E.2d 106, 109 (1999) (stating res judicata bars a litigant from raising any issues, which were *or might have been*, adjudicated in a prior action).

3.     As to whether there was evidence to support the award of attorney's fees: *Se. Site Prep, LLC v. Atl. Coast Builders & Contractors*, *LLC*, 394 S.C. 97, 104, 713 S.E.2d 650, 653-54 (Ct. App. 2011) (explaining an appellate court applies an equitable standard of review of actions for sanctions under the Act and Rule 11, SCRCP; however, when the appellate court agrees with the trial court's findings of fact, it reviews the decision to award sanctions under an abuse of discretion standard); *id.* ("Under the abuse of discretion standard, the imposition of sanctions will not be disturbed on appeal unless the decision is controlled by an error of law or is based on unsupported factual conclusions."); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 244, 616 S.E.2d 431, 436 (Ct. App. 2005) (finding an affidavit provided sufficient evidentiary support for an award of attorney's fees).

**AFFIRMED.**

**SHORT, KONDUROS, and LOCKEMY, JJ., concur.**