**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Daniel A. Gregorie, Appellant,

v.

Spring Island Club, Respondent.

Appellate Case No. 2013-001757

———————

Appeal From Beaufort County
Carmen T. Mullen, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-087
Submitted January 1, 2015 – Filed February 25, 2015

———————

**AFFIRMED**

———————

John P. Qualey, Jr., of Qualey Law Firm, PA, of Hilton
Head Island, for Appellant.

David Shuler Black, of Howell Gibson & Hughes, PA, of
Beaufort, for Respondent.

———————

**PER CURIAM:** Daniel A. Gregorie appeals the trial court's order granting Spring
Island Club's (Spring Island's) motion for summary judgment, arguing the trial

court erred in (1) relying on amendments to Spring Island's bylaws and club plan and (2) denying his motion for summary judgment.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in granting Spring Island's motion for summary judgment: *Roe v. Bibby*, 410 S.C. 287, 292, 763 S.E.2d 645, 648 (Ct. App. 2014) ("When reviewing an order granting summary judgment, an appellate court employs the same standard applied by the trial court under Rule 56, SCRCP." (internal quotation marks and citation omitted)); Rule 56(c), SCRCP (providing summary judgment shall be granted when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law"); *Bibby*, 410 S.C. at 292-93, 763 S.E.2d at 648 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party."); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 239, 616 S.E.2d 431, 434 (Ct. App. 2005) ("Restrictive covenants are contractual in nature and bind the parties thereto in the same manner as any other contract." (quoting *Seabrook Island Prop. Owners Ass'n v. Pelzer*, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct. App. 1987))); *McGill v. Moore*, 381 S.C. 179, 185, 672 S.E.2d 571, 574 (2009) ("The cardinal rule of contract interpretation is to ascertain and give legal effect to the parties' intentions as determined by the contract language."); *id.* ("A contract is read as a whole document so that one may not create an ambiguity by pointing out a single sentence or clause."); *Stevens Aviation, Inc. v. DynCorp Int'l LLC*, 394 S.C. 300, 307-08, 715 S.E.2d 655, 659 (Ct. App. 2011) ("To incorporate the terms of extrinsic material, a contract need not use magic words." (internal quotation marks and citation omitted)), *aff'd in part, rev'd in part on other grounds*, 407 S.C. 407, 756 S.E.2d 148 (2014); *id.* at 308, 715 S.E.2d at 659 ("[T]he contract must explicitly, or at least precisely, identify the written material being incorporated and must clearly communicate that the purpose of the reference is to incorporate the referenced material into the contract (rather than merely to acknowledge that the referenced material is relevant to the contract, e.g., as background law or negotiating history)." (internal quotation marks and citation omitted)).

2.  As to whether the trial court erred in denying Gregorie's motion for summary judgment: *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518

S.E.2d 591, 598 (1999) (noting an appellate court need not address appellant's remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.