**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Michael Larone Williams, Appellant.

Appellate Case No. 2019-001759

———————

Appeal From Lexington County
William P. Keesley, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-449
Submitted October 1, 2022 – Filed December 14, 2022

———————

**AFFIRMED**

———————

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Michael Douglas Ross, all of Columbia, for Respondent.

———————

**PER CURIAM:** Michael Larone Williams appeals his convictions for murder and possession of a weapon during the commission of a violent crime and aggregate

sentence of life imprisonment. On appeal, he argues the trial court erred in excluding evidence regarding the victim's toxicology report that he asserts was essential to his defense. We hold the trial court did not abuse its discretion by excluding the toxicology report under Rule 403, SCRE. Any probative value was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 241, 616 S.E.1d 431, 435 (Ct. App. 2005) ("As a general rule, the admission of evidence is a matter addressed to the sound discretion of the trial court."); *id.* at 242, 616 S.E.2d at 435 ("The trial judge's decision will not be reversed on appeal unless it appears he clearly abused his discretion and the objecting party was prejudiced by the decision."); Rule 401, SCRE (defining relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, [] misleading the jury, . . . or needless presentation of cumulative evidence."); *State v. Spears*, 403 S.C. 247, 253, 742 S.E.2d 878, 881 (Ct. App. 2013) ("Unfair prejudice means an undue tendency to suggest [a] decision on an improper basis." (alteration in original) (quoting *State v. Gilchrist*, 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct. App. 1998))); *State v. Phillips*, 430 S.C. 319, 327, 844 S.E.2d 651, 655 (2020) ("To understand the probative value of any evidence, we must consider what was practically in dispute at trial.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.