**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Jon A. Hinson, Employee, Respondent,

v.

BS Telecommunications, Employer, and Old Republic Insurance Co., Carrier, Defendants,

of which BS Telecommunications is the Appellant.

Appellate Case No. 2022-000581

Appeal from the Workers' Compensation Commission

Memorandum Opinion No. 2025-MO-036
Heard June 3, 2025 – Filed July 2, 2025

**AFFIRMED**

Christopher Clinton Mingledorff and Michael Eugene Patterson, Jr., both of Mingledorff & Patterson, LLC, of Charleston, for Appellant.

Alton Lamar Martin, Jr., of Martin & Martin Attorneys, PA, of Greenville, for Respondent.

**PER CURIAM:** BS Telecommunications and its carrier, Old Republic Insurance Co., (collectively, Employer) appeal the order of the South Carolina Workers'

Compensation Commission (the Commission) imposing a sanction of $11,580 for the failure to pay $3,825 for Jon E. Hinson's medical expenses, requiring payment of $3,625 to the provider for the medical expenses, and awarding Hinson $1,400 in attorney's fees plus costs.  We affirm.

On August 20, 2016, Hinson fell off a twenty-eight-foot extension ladder while working for Employer, injuring both ankles and his back.  In an August 16, 2017 consent order, the parties agreed Employer would provide all causally-related medical treatment by Dr. Mullen, Hinson's psychiatrist.  A single commissioner signed this consent order.  Employer, however, failed to pay for this treatment.  Hinson, therefore, paid for the treatment in order to continue seeing Dr. Mullen.

On March 19, 2020, the parties entered into an Agreement and Final Release (Clincher Agreement), which provided in pertinent part: "Employer and carrier will pay any previously authorized medical expenses to medical providers that were incurred prior to February 13, 2020, but have inadvertently not been paid as of the date of this agreement . . . ."  The Clincher Agreement listed Dr. Mullen as providing authorized treatment.  Hinson, his attorney, and Employer's attorney signed this agreement, which was filed with the Commission on March 23, 2020.  Because all parties were represented by counsel, the Clincher Agreement was not signed by a commissioner.

On March 29, 2021, Hinson filed a motion to compel with the Commission, asserting Employer failed to pay all of the previously authorized medical expenses required by the Clincher Agreement.  In addition to payment of the medical expenses owed, he requested the imposition of sanctions and an award of attorney's fees and costs under section 42-3-175(A) of the South Carolina Code (2015).[1]  The single commissioner found the Clincher Agreement addressed Employer's obligation to pay the authorized medical expenses and the fact that Hinson had paid these expenses did not change this obligation.  It ordered Employer to pay (1)

---

[1] § 42-3-175(A) ("If a claimant brings an action before the commission to enforce an order authorizing medical treatment or payment of benefits and the commission determines that an insurer, a self-insured employer, a self-insured fund, or an adjuster, without good cause, failed to authorize medical treatment and/or pay benefits when ordered to do so by the commission, the insurer, the self-insured employer, the self-insured fund, or the adjuster must pay the claimant's attorneys' fees and costs of enforcing the order.  The commission may impose sanctions for wilful disobedience of an order, including, but not limited to, a fine of up to five hundred dollars for each day of the violation.").

$3,625 directly to Dr. Mullen's office;[2] (2) $1,400 in attorney's fees for four hours at the rate of $350 per hour to Hinson's attorney; (3) $50 in costs to Hinson; and (4) a fine of $500 per day from March 23, 2020, to April 12, 2021, for failure to pay the authorized medical expenses, noting Employer's failure to pay the $200 it conceded it owed and failure to pay the remaining $3,625 served as independent grounds for the sanction. Employer appealed to the Commission, which reduced the fine imposed to $30 per day, for a total of $11,580, but otherwise affirmed the single commissioner's order. Employer then appealed to the court of appeals, and this court certified the appeal pursuant to Rule, 204(b), SCACR.

Employer argues that because section 42-3-175(A)(1) only applies to orders and the Clincher Agreement was not an order, the Commission did not have the authority to sanction it for a violation of the Clincher Agreement. We need not address this argument to affirm the Commission's imposition of sanctions. The August 16, 2017, consent order, which required Employer to pay for Hinson's treatment with Dr. Mullen and was signed by a commissioner, is unquestionably an order. Thus, section 42-3-175(A) authorizes sanctions against Employer for violating this order. Employer failed to pay the $3,825 incurred for Hinson's treatment by Dr. Mullen, which caused Hinson to have to pay $3,625 out of pocket in order to continue his treatment. To date, Employer has paid $200 to Dr. Mullen, only after Hinson filed the motion to compel, and has yet to pay the remaining $3,625 that the consent order required it to pay. This failure to pay, which was without good cause and constituted wilful disobedience of the consent order, supported the Commission's imposition of sanctions and award of attorney's fees and costs.

We find no merit in Employer's argument that the Commission's sanction of $11,580 for failure to pay $3,825 violated its constitutional rights. This amount was well under the ten to one ratio Employer asserted was appropriate at the Commission hearing. *See CFRE, LLC v. Greenville Cnty. Assessor*, 395 S.C. 67, 81, 716 S.E.2d 877, 885 (2011) ("A litigant cannot concede an issue at trial and then raise it on appeal.").

We also find no merit in Employer's argument concerning the reasonableness of the attorney's fees the Commission awarded. The factors a trial court should consider in determining reasonable attorney's fees are "1) nature, extent, and difficulty of the legal services rendered; 2) time and labor devoted to the case; 3) professional standing of counsel; 4) contingency of compensation; 5) fee

---

[2] After Hinson filed the motion to compel, Employer paid $200 to Dr. Mullen.

customarily charged in the locality for similar services; and 6) beneficial results obtained." *Blumberg v. Nealco, Inc.*, 310 S.C. 492, 494, 427 S.E.2d 659, 660 (1993). Here, the Commission held Employer must pay for four hours of attorney's fees at the rate of $350 an hour for preparing and filing the motion to compel and attending the motion hearing. It explained that "[t]he hourly rate for [Hinson's] attorney is based on his thirty (30) years of legal experience and is consistent with the going rate for claimant's attorneys with like-experience in the field of South Carolina Workers' Compensation." While the Commission did not list the *Blumberg* factors, its findings sufficiently addressed the factors to support the reasonableness of the attorney's fees awarded. *See Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 240, 616 S.E.2d 431, 435 (Ct. App. 2005) (stating an appellate court will affirm an award of attorney's fees as "long as sufficient evidence in the record supports each factor").

Finally, we disagree with Employer's argument that it should not have to pay Dr. Mullen for the treatment for which Hinson had already paid. The consent order unambiguously required Employer to pay for Hinson's treatment with Dr. Mullen.[3] The Clincher Agreement did not alter this obligation. Rather, it required Employer to pay "any previously authorized medical expenses to medical providers . . . [that] have not been paid . . . ." Accordingly, we hold the Commission did not err in ordering Employer to pay Dr. Mullen the $3,625 it had failed to pay.

For the above stated reasons, the Commission's order is

**AFFIRMED.**

**KITTREDGE, C.J., FEW, JAMES, HILL and VERDIN, JJ., concur.**

---

[3] Employer argues on appeal that the Commission erred in using the consent order to interpret the Clincher Agreement. However, when Employer raised its parol evidence objection to the consent order and emails, the single commissioner reminded it that the consent order, as part of the Commission's file, was in the record. Employer conceded "that's fine" and limited its objection to the emails. Therefore, Employer cannot dispute consideration of the consent order on appeal *See CFRE, LLC*, 395 S.C. at 81, 716 S.E.2d at 885 ("A litigant cannot concede an issue at trial and then raise it on appeal.").